[Crim. No. 6254. Third Dist. Dec. 15, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY CARSON SMITH, Defendant and Appellant.

COUNSEL

Joseph Cooper for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Charles P. Just, Arnold O. Overoye, and Jack R. Winkler, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

REGAN, J.—Defendant appeals from a judgment of conviction after jury trial of violation of section 496 of the Penal Code, receiving stolen property.

George Prue found his house in Red Bluff, California, had been entered on two occasions and a number of articles taken therefrom. Shortly thereafter, Prue, after firing gunshots, apprehended defendant and another man near the house and was told by them they only wanted to "go in there and sleep."

A number of items of personal property were consigned to an auction sale by one "Tom Roberts," who was identified as defendant, and who was paid for the items which proved to have been taken from Prue's house.

Lieutenant Moller of the Red Bluff Police Department questioned defendant. Defendant, who had been advised of his constitutional rights, admitted taking the items to the Gier auction and signing his name as Tom or Tim Roberts. He said he didn't steal the items.

Prior to trial defendant appeared in court with counsel and with the district attorney present to change his plea from "not guilty" to "guilty," specifying a penalty of probation with restitution and one year in the county jail. The procedure for a plea bargain is set out in section 1192.5 of the Penal Code.[1] The district attorney indicated he would accept the condi-

---

[1] Section 1192.5 of the Penal Code reads as follows: "Upon a plea of guilty or nolo contendere to an information or indictment, the plea may specify the punishment to the same extent as it may be specified by the jury on a plea of not guilty or fixed by the court on a plea of guilty, nolo contendere, or not guilty, and may specify the exercise by the court thereafter of other powers legally available to it.

"Where such plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea.

"If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set

tional plea. The court was aware of the provisions of section 1192.5, it read aloud the following portion of that section:

"If the court approves the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter . . . and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so."

The court expressed its misunderstanding or hostility to the court-approved plea bargain. Among the court's statements were the following: "[L]ooks to me like the possibility that the people who have violated the law are dictating the disposition of their case rather than the Judge . . . .

". . . . . . . . . . . . . . . . . . . . .

". . . I am not even sure that I approve of the legislation . . . I will be switched that I think the Courts of California should tie their hands before they start out at the request of the person accused of a crime and willing to admit it. . . ."

". . . . . . . . . . . . . . . . . . . . .

". . . [H]e may either plea, change his plea, if he wants to. I am not prepared to accept it on the condition on the Court acting as such." Defendant thereupon withdrew his offer of a guilty plea.

■ Defendant contends that the court's refusal to consider his conditional plea was an abuse of discretion and a denial of a substantial right in violation of due process. He argues that he has not received the benefit of a right granted to him by the Legislature when it enacted section 1192.5, as evidenced by the "injudicious" language of the court.

Clearly the trial judge was not inclined to follow the spirit and intent of the law. Our Supreme Court has said: "Numerous courts, commissions, and writers have recognized that the plea bargain has become indispensable to

---

for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so. The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea.

"If such plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter such plea or pleas as would otherwise have been available.

"If such plea is withdrawn or deemed withdrawn, it may not be received in evidence in any criminal, civil, or special action or proceeding of any nature, including proceedings before agencies, commissions, boards, and tribunals."

the efficient administration of criminal justice. Professor Newman, in his study of plea bargaining, notes that 'A steady flow of guilty pleas and the corresponding avoidance of the time, expense, and uncertainty of trials is important to the smooth functioning of most criminal courts. . . . Plea negotiation, with bargains duly honored, is a device necessary to adminis- tration if a steady flow of guilty pleas is to be maintained.' (Newman, pp. 29, 39.)" (Fn. omitted.) (*People* v. *West* (1970) 3 Cal.3d 595, 604- 605 [91 Cal.Rptr. 385, 477 P.2d 409].) In holding that the court may accept a bargained plea to any lesser offense reasonably related to the offense charged the court said, ". . . we reiterate our conviction that the plea bargain plays a vital role in our system of criminal procedure; we would be loath to reduce its usefulness by confining it within the straight jacket of 'necessarily included offenses.' " (*Id.* at p. 613.)

Again in *People* v. *West, supra,* the court states (at pp. 605, 607-608):

"Plea bargaining also permits the courts to treat the defendant as an individual, to analyze his emotional and physical characteristics, and to adapt the punishment to the facts of the particular offense. (See generally Newman, pp. 112-130.) In some cases, only the bargained reduction in the charge can enable the judge to exercise his discretion as to meaningful sentencing alternatives. . . .

"Since 1957 California has provided by statute for a limited form of plea bargain; Penal Code section 1192.3 permitted a defendant who pled guilty to specify the punishment to the same extent that it could be specified by a jury, and provided that if the specification received the concurrence of the prosecution and the court, the punishment could not exceed that designated. In 1970 the Legislature greatly expanded this statutory form of plea bargain by enacting section 1192.5, which permits the defendant to state the punishment to the extent it may be fixed by the court, and to specify the exercise of the court's power to grant proba- tion or suspend sentence. Although neither section 1192.3 nor section 1192.5 encompass the form of plea bargain used in the present case, that is, the plea to a lesser offense without specification of punishment, their enact- ment demonstrates the growing legislative recognition and approval of plea bargaining. The procedure set forth in these sections provides guide- lines which the trial court can utilize in receiving and considering plea bargains involving pleas to lesser offenses." (Fns. omitted.)

The entire thrust of the language of section 1192.5 calls for the trial court to recognize the law as so expressed therein. Although it is within the discretion of the court to approve or reject the proffered offer, the court may not arbitrarily refuse to consider the offer. The failure of the

court to consider the conditional plea, and exercise its discretion in this case was error.

We have examined defendant's remaining contentions of error and find them to be without merit.

George Prue, owner of the property stolen, was not present at the trial. His testimony was read into evidence from the transcript of the preliminary hearing. Section 1291, subdivision (a)(2), of the Evidence Code provides: "(a) Evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and:

" . . . . . . . . . . . . . . . . . . . .

"(2) The party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing."

Section 240, subdivision (a)(5), of the Evidence Code provides:

"(a) Except as otherwise provided in subdivision (b), 'unavailable as a witness' means that the declarant is:

" . . . . . . . . . . . . . . . . . . . .

"(5) Absent from the hearing and the proponent of his statement has exercised reasonable diligence but has been unable to procure his attendance by the court's process."

Defendant does not question that the requirements of section 1291, subdivision (a)(2), were met. Defendant does question the court's ruling that the prosecution exercised reasonable diligence to procure the attendance of Prue. On February 22, 1971, defendant entered a plea of not guilty and the case was set for trial on March 25, 1971. On March 17, 1971, defendant appeared with counsel to make a conditional plea of guilty. On March 18, 1971, a subpoena was issued for Prue. Defendant contends that the prosecution failed to exercise reasonable diligence by waiting from February 22, when the trial date of March 25 was set, until March 18 before issuing a subpoena for Prue. Defendant contends this delay was particularly unreasonable since Lieutenant Moller's experience with Prue had led him to believe that Prue was unreliable or unpredictable.

The trial court was critical of the delay but found that reasonable diligence had been exercised. Prue had appeared for the preliminary hearing. He also appeared at the juvenile proceedings and preliminary

hearing on defendant's companion. An unsuccessful attempt was made to subpoena Prue for the trial of defendant's companion. That attempt was made on February 26, 1971, just four days after the date of defendant's trial was set. Therefore, a more timely attempt to subpoena Prue for defendant's trial would have been of no avail. Prue had assured Lieutenant Moller that he would be available for defendant's trial. The day prior to trial, teletypes had been sent to San Francisco to ascertain whether service had been effected. Efforts were made to locate Prue at his Red Bluff address and three telephone calls were made to San Francisco.

■ Whether due diligence has been shown is a factual question. (*People* v. *Linder* (1971) 5 Cal.3d 342, 346 [96 Cal.Rptr. 26, 486 P.2d 1226]; *People* v. *Rodriquez* (1971) 18 Cal.App.3d 793, 797 [96 Cal. Rptr. 162].) Unless there has been an abuse of discretion, the ruling of the trial judge will not be disturbed. (*People* v. *Cavazos* (1944) 25 Cal.2d 198, 200-201 [153 P.2d 177]; *People* v. *Rodriguez, supra,* at p. 797.) ■ The evidence here was adequate to support the trial judge's ruling permitting the reading of Prue's testimony at the preliminary hearing.

■ Defendant also contends that comments by the prosecutor in his closing argument violated defendant's privilege against self-incrimination. The prosecutor said, "I want you to consider all the evidence and all the evidence is the People's case. As I said there isn't any contradictory evidence here. And the fact that Mr. Pugh [defendant's counsel] may get up and doing the best he can with the case that he has, trying to pick holes in the prosecution's case. That is not evidence. He didn't take the stand and testify. . . . They don't supply and borrowing one of his big words, the big void that we have here. Now let me make one thing clear, I am not suggesting again and the Court will instruct you the defendant does not have to testify himself or produce any kind of evidence by calling other witnesses, this is not required. When I say there is a void I am not saying he should of. I am simply saying the only evidence presented here is the evidence presented by the People."

At trial no objection was made to these statements and no admonition requested. ■ Misconduct may not be assigned on appeal if it was not assigned at trial unless there was deceptive or reprehensible conduct which contributed to the verdict or was so unredeemable that nothing would have cured it. (*People* v. *Beivelman* (1968) 70 Cal.2d 60, 75 [73 Cal.Rptr. 521, 447 P.2d 913].) ■ Further, the prosecutor may comment and the jury may consider failure to produce certain witnesses or evidence which a defendant might be expected to produce. (Evid. Code, §§ 412, 413; *People* v. *Coleman* (1969) 71 Cal.2d 1159 [80 Cal.Rptr. 920, 459 P.2d 248].)

In *People* v. *Chandler* (1971) 17 Cal.App.3d 798 [95 Cal.Rptr. 146], The prosecutor suggested that if defendant had not been at the scene of the crime and was innocent, he could have produced alibi evidence. The court found no error.

 "*Griffin* v. *California, supra,* dealt with the California constitutional provision which permitted an adverse inference to be drawn from defendant's resort to his constitutional right not to testify. In holding such procedure to be improper, *Griffin* did not foreclose the prosecutor from emphasizing the absence of other evidence to controvert the proof in the People's case." (*Id.* at pp. 805-806.)

In the case at bench the prosecutor pointed out that defendant did not have to testify and that the jury would be so instructed. The jury was instructed that, "You must not draw any inference of guilt from the fact that he does not testify, nor should this fact be discussed by you or enter into your deliberations in any way." The jury was also instructed that statements of counsel are not evidence. There was no Griffin error.

 Two arguments were submitted by counsel at the request of defendant. One, the in-court identification of defendant by Gier at the preliminary hearing was tainted by improper pretrial identification and since defendant's counsel did not challenge this evidence defendant was inadequately represented by counsel. Second, the evidence is insufficient to support the verdict. Both arguments must fail. One, the record in this case does not contain the transcript of preliminary hearing. Matters not presented by the record cannot be considered on appeal. (*People* v. *Gardner* (1969) 71 Cal.2d 843, 849 [79 Cal.Rptr. 743, 457 P.2d 575].) Second, the evidence is ample to support the verdict. "Possession of stolen property, accompanied by an unsatisfactory explanation of the possession, or by suspicious circumstances will justify an inference that the goods were received with knowledge that they had been stolen." (*In re Stanley B.* (1971) 17 Cal.App.3d 530, 537 [95 Cal.Rptr. 116]; *People* v. *Lyons* (1958) 50 Cal.2d 245, 258 [324 P.2d 556].)

The judgment is reversed.

Richardson, P. J., and Friedman, J., concurred.

A petition for a rehearing was denied January 13, 1972, and respondent's petition for a hearing by the Supreme Court was denied February 10, 1972. Mosk, J., was of the opinion that the petition should be granted.