[Crim. No. 17171. In Bank. Mar. 11, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES EDWARD JOHNSON, Defendant and Appellant.

## Counsel

Jon Bryant Artz, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Frederick R. Millar, Jr., Beverly K. Falk and John R. Evans, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BURKE, J.**—In this case, we review the provisions of Penal Code section 1192.5 pertaining to the subject of plea bargaining. In the instant case, the trial court withdrew its prior approval of a negotiated plea bargain but failed to advise defendant of his statutory right to withdraw his guilty plea made in consideration of the rejected bargain (here, to be punished as a misdemeanant with a county jail sentence instead of as a felon). We have concluded that defendant must be permitted to withdraw his guilty plea and thereupon to enter whatever plea or pleas would otherwise have been available to him.

On February 9, 1972, an information was filed charging defendant James Edward Johnson (also known as George Burrough Johnson and George Burrough Johnston) with forging the name of a credit card holder in a credit purchase in violation of Penal Code section 484f, subdivision (2). On February 17, 1972, Johnson entered a plea of not guilty. On May 18, 1972, after substitution of private counsel for the deputy public defender, and pursuant to a court-approved plea bargain, Johnson withdrew his not guilty plea and pleaded guilty as charged in return for a misdemeanor sentence, suspension of sentence, and a grant of probation. A probation report and sentencing hearing were then ordered.

On July 10, 1972, after discovering that Johnson had concealed his true name and past criminal record, the court sentenced petitioner to

state prison for the term prescribed by law, contrary to the plea bargain. At no time during the period from February 9 to July 10, did the court inform Johnson of his right under Penal Code section 1192.5[1] to withdraw his plea. On the other hand, at no time did defendant or his counsel request the court to withdraw the guilty plea after the bargain was disapproved.

Johnson appeals from the judgment, contending that the court erred in failing to inform him of his right to withdraw his plea. We have concluded that the trial court's failure to comply with the procedures set forth in section 1192.5 was error, and that the judgment must be reversed with instructions to permit Johnson to withdraw his plea of guilty and to allow him to plea anew.

Section 1192.5 formalizes the procedures to be followed by the trial courts in dealing with negotiated pleas, commonly known as plea bargaining. (See *People* v. *West,* 3 Cal.3d 595, 607-608 [91 Cal.Rptr. 385, 477 P.2d 409]; *People* v. *Smith,* 22 Cal.App.3d 25, 30 [99 Cal.Rptr. 171].) ■ The section requires that the court's acceptance of a guilty plea and defendant's accompanying waiver of his constitutional rights[2] be viewed only "in the strong light of full disclosure" to the defendant of his rights. (*West, supra,* at p. 599.)

---

[1] Penal Code section 1192.5, effective November 23, 1970, provides: "Upon a plea of guilty or nolo contendere to an information or indictment, the plea may specify the punishment to the same extent as it may be specified by the jury on a plea of not guilty or fixed by the court on a plea of guilty, nolo contendere, or not guilty, and may specify the exercise by the court thereafter of other powers legally available to it.

"Where such plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea.

"*If the court approves of the plea, it shall inform the defendant prior to the making of the plea* that (1) its approval is not binding, (2) *it may,* at the time set for the hearing on the application for probation or pronouncement of judgment, *withdraw its approval* in the light of further consideration of the matter, and (3) *in such case, the defendant shall be permitted to withdraw his plea if he desires to do so.* The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea.

"*If such plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter such plea or pleas as would otherwise have been available.*

"If such plea is withdrawn or deemed withdrawn, it may not be received in evidence in any criminal, civil, or special action or proceeding of any nature, including proceedings before agencies, commissions, boards, and tribunals." (Italics added.)

[2] In pleading guilty in a state criminal trial a defendant is waiving inter alia: His privilege against self-incrimination; his right to jury trial; and his right to confront his accusers. *In re Tahl,* 1 Cal.3d 122, 130 [81 Cal.Rptr. 577, 460 P.2d 449]; *Boykin* v. *Alabama,* 395 U.S. 238, 243 [23 L.Ed.2d 274, 279, 89 S.Ct. 1709].

Specifically the section provides that: "If the court approves of the [bargained for] plea, *it shall inform the defendant prior to the making of the plea* that (1) its approval is not binding, (2) *it may*, at the time set for the hearing on the application for probation or pronouncement of judgment, *withdraw its approval* in the light of further consideration of' the matter, and (3) *in such case,* the defendant shall be permitted to withdraw his plea if he desires to do so. . . ." (Italics added.) The statute requires that the foregoing advice "shall" be given to all defendants, a mandatory provision which was not complied with by the trial court in this case. The record reveals that at no time and certainly not "prior to the making of the plea" did the court inform Johnson of his right to withdraw his guilty plea in the event the court disapproved the bargain.

■ Section 1192.5, in addition to requiring that a defendant be informed of his right to withdraw his plea, further makes it mandatory that "If such plea is not accepted by the prosecuting attorney and approved by the court, *the plea shall be deemed withdrawn* and the defendant may then enter such plea or pleas as would otherwise have been available." (Italics added.) Although this provision by its terms appears to apply to the initial rejection of a defendant's offer for a plea bargain, rather than to the court's withdrawal of its prior approval of such a bargain, nevertheless this language confirms our view that the Legislature intended that in either situation defendant be given the opportunity to change his plea. Yet, as noted above, at no time was Johnson advised of his right to change his plea or offered an opportunity to do so.

■ Thus, we believe that Johnson's failure affirmatively to request a change of plea should not be deemed a waiver of his right to do so. Since he was never advised of his rights under section 1192.5, he should not be held to have waived them.[3] The People point out that Johnson intentionally concealed from the trial court his true name and past criminal record, thereby negotiating a more lenient bargain than otherwise would have been available. Yet Johnson's unclean hands seem irrelevant in determining whether, once the court has learned the true facts and repudiated the bargain, Johnson should be permitted to withdraw his plea. Section 1192.5 makes no exception for defendants who have committed fraud in nego-

[3]There is language in *People* v. *Delles,* 69 Cal.2d 906, 910-911 [73 Cal.Rptr. 389, 447 P.2d 629], suggesting that the burden might be upon defendant to move the trial court to withdraw the guilty plea, or to move to vacate the judgment. *Delles,* however, was decided prior to the enactment of section 1192.5 which, as we have seen, requires the trial court to inform defendant of his right to withdraw the plea, and which "deems" the plea withdrawn in the event the bargain is not approved by the court. See also *People* v. *Barajas,* 26 Cal.App.3d 932, 937 [103 Cal.Rptr. 405].

tiating a plea bargain; that section applies with equal force to all defendants who attempt to bargain away their constitutional rights in the hope of receiving leniency.

At oral argument in this case, Johnson's counsel suggested that since the trial court violated section 1192.5 in failing to advise Johnson of his rights thereunder prior to making his plea, Johnson should have the option of enforcing the original bargain according to its terms, as an alternative to the right to withdraw his plea. Yet, implicit in the language of section 1192.5 is the premise that the court, upon sentencing, has broad discretion to withdraw its prior approval of a negotiated plea. The instant case, involving serious misrepresentations by the defendant, reinforces our reluctance to create a right to specific performance of a plea bargain whenever the court has failed to advise a defendant of his rights under section 1192.5. We think it is sufficient, in such a case, to require the court to provide defendant with an opportunity to withdraw his plea, despite defendant's failure to request such an opportunity. Certainly, nothing in the language of section 1192.5 compels any further relief.

The judgment is reversed and the trial court directed to advise defendant of his rights under Penal Code section 1192.5, and to permit him to withdraw his guilty plea and enter a new plea.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Clark, J., concurred.

Respondent's petition for a rehearing was denied April 10, 1974.