[Crim. No. 25523. Second Dist., Div. Five. Jan. 2, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JACK EUGENE HAM, Defendant and Appellant.

**COUNSEL**

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, and Theodora Berger and Steven H. Kaufmann, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

KAUS, P. J.—Defendant Jack Eugene Ham appeals from a judgment revoking his probation and sentencing him to prison.

### FACTS

In 1970, defendant was charged, in a three-count information, with possession of LSD (count I), a felony, and two misdemeanors, being under the influence of narcotics (count II) and resisting a police officer (count III).

On March 15, 1971, defendant appeared in court to plead guilty. Part of the colloquy between the prosecutor and defendant which preceded his plea was as follows:

"[Prosecutor]: Mr. Ham, as charged the violation of Section 11910 is a felony. Earlier today at your counsel's request there was a conference in chambers concerning this case. Some facts concerning the case and some facts concerning your background were made known to the judge. The judge indicated that he would be inclined to make this a misdemeanor by sentence. What that means is that the maximum time possible that you could spend in custody is one year in the county jail. The Court besides saying it would make this a misdemeanor made no other promises or representations. It is possible for you to serve up to one year in the county jail or any time less. It is possible you might be put on probation or receive a fine or a combination of the three. Do you understand that?

"THE DEFENDANT: Yes.

"[Prosecutor]: Has anyone promised you anything else other than the dismissal of Counts II and III in order to get you to plead guilty?

"THE DEFENDANT: No."

Defendant pleaded guilty to count I "a violation of Section 11910 of the Health and Safety Code, a felony, . . ."

Sentencing, after a probation department referral, was scheduled for April 6, 1971. On that day, counts II and III were dismissed; proceedings were suspended and defendant was placed on probation for three years on condition that he serve 60 days in jail. The offense was not declared to be a misdemeanor.

On February 8, 1974, defendant, drunk, was driving across all lanes on the Pomona Freeway. He was pursued by a California Highway Patrol officer, and, eventually, ended up on the center divider of the freeway after having driven for a while in the wrong direction. The officer arrested defendant, who cursed, struck, kicked and spit at the officer several times. Defendant was, apparently, charged with drunk driving and assaulting a police officer. This evidence was presented at a probation revocation hearing, discussed below, in May.

On March 28, 1974, defendant appeared in court for a probation violation hearing. The public defender stated that defendant's trial on the described offenses was scheduled for May 1 and requested that the hearing be continued "to a date past May 1 to await the outcome of those matters, . . ." The record of the March 28th hearing also indicates that at the time defense counsel asked for an evidentiary hearing after May 1, he was fully aware that the three-year probationary term was about to expire in early April. The court continued the evidentiary hearing but made clear that defendant would be detained until that time. The court had before it the probation officer's report, indicating "11 previous episodes of assault . . . ." An evidentiary hearing was then set for April 18.

The hearing was continued several times on defendant's request. Then defendant disqualified the judge who had presided at the March hearing, and, on May 15, the matter was transferred to another judge, and again continued until May 29, 1974, when an evidentiary hearing was held. The arresting officer and defendant's probation officer testified.

Defendant was found to be in violation of probation. Probation was revoked. Defendant was sentenced to prison with credit for 63 days served in jail.

Additional facts will be added in the discussion.

## DISCUSSION

*Ineffectiveness of Counsel.*

█ Defendant contends that trial counsel in 1971 was ineffective or not reasonably competent for failing to make a motion to withdraw defendant's guilty plea, because the court breached its promise to treat the offense as a misdemeanor.

The contention has no merit. We do not have a reporter's transcript of the April 6, 1971, proceedings.[1] It is immaterial whether the colloquy of March 28 amounted to a promise. We do know that the crime to which defendant pleaded was not reduced to a misdemeanor. In support of the court's action we must presume that the procedures mandated by section 1192.5 of the Penal Code were followed, that defendant was given an opportunity to withdraw his plea and declined to do so. (See *People* v. *Johnson,* 10 Cal.3d 868, 872-873 [112 Cal.Rptr. 556, 519 P.2d 604].) This presumption is strongly fortified by certain portions of the April 6, 1971, proceedings which were read into the record by the court on the occasion of defendant's evidentiary hearing on May 29, 1974. What appears is that at the time of the sentence on April 6, 1971, the court stated: "It means that if you mess up again, you come back before me, I can sentence you to the Department of Corrections for the time prescribed by law. . . . If . . . the probation officer finds you are in violation of the terms of probation . . . then I can just say, 'All right, young man, I gave you your shot. You goofed, State Penitentiary."

Whether or not defendant's offense was classified as a misdemeanor, the deal he obtained—probation with proceedings suspended—was not one which an "effective" attorney would have recommended rejecting in favor of a trial. Defendant's background, starting with his activities as a juvenile, involved resisting arrest, battery, public drunk, hit-and-run, indecent exposure, resisting arrest, battery, possession of marijuana, drunk driving, and about another dozen items that, on the incomplete record before us, may or may not have resulted in convictions.[2]

No ineffectiveness of counsel appears.

---

[1]On this appeal defendant is represented by highly knowledgeable counsel. After his opening brief was filed, he requested an early setting on our calendar. We reviewed the issues raised and suggested an augmentation of the record to bring up the April 6, 1971, transcript. Counsel expressly declined and renewed the application for an early setting.

[2]Defendant's record does, however, further support what we must presume: that the court's failure, on April 6, 1971, to sentence defendant as a misdemeanant, was accomplished without violence to the provisions of section 1192.5 of the Penal Code.

*Abuse of Discretion.*

Defendant contends that the court abused its discretion in sentencing defendant to prison in 1974, because of the "plea bargain" made in 1971. That point is resolved by our previous discussion.

*Jurisdiction to Sentence.*

Defendant, as noted, was placed on three years' probation on April 6, 1971; he appeared in court on this violation on March 28, 1974, when the court detained defendant pending an evidentiary hearing, and was sentenced to prison on May 29, 1974.

Defendant's contention that the court "lost" jurisdiction to revoke probation and sentence defendant after April 6, 1974, is without merit. Defendant recognizes that if probation is *revoked* during the probationary period, the trial court retains jurisdiction to sentence the defendant after the expiration of that term. (E.g., Pen. Code, § 1203.3; *People* v. *Williams,* 24 Cal.2d 848, 850-851 [151 P.2d 244]; see *In re Griffin,* 67 Cal.2d 343, 346 [62 Cal.Rptr. 1, 431 P.2d 625], and cases collected.)

He contends, however, that under *Morrissey* v. *Brewer,* 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593] and *People* v. *Vickers,* 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313], the trial court's action of March 28 was inadequate to sustain the court's jurisdiction to revoke probation formally on May 29. The contention is without merit.

Before *Morrissey* and *Vickers,* defendant's probation would have been briskly and permanently revoked on March 28, when he first appeared in court. *Morrissey,* as applied to probation revocation, mandated more elaborate proceeding: first, perhaps, a preliminary determination of probable cause to revoke probation, followed by a full evidentiary hearing. (*People* v. *Vickers, supra,* 8 Cal.3d 451, 459 and fn. 8.)[3] The panoply of rights conferred on a defendant charged with a probation violation may well result, as in this case, in delays and extensions before final disposition of the matter.

However, nothing in *Morrissey* or *Vickers* or any case of which we are aware suggests that the new rights afforded a defendant charged with a

---

[3]It is not contended that on March 28 defendant did not receive all procedural safeguards prescribed by *Morrissey* for the "preliminary" revocation hearing. (*Id.* p. 487 [33 L.Ed.2d pp. 497-498].)

probation violation were intended to have jurisdictional ramifications. To the contrary, *Vickers* anticipates this very problem: in discussing the problem of the absconding parolee, who, should "he remain at liberty without proceedings had against him . . . could conceivably complete his term and the Authority would lose jurisdiction in the matter" noted: "We do not foreclose the possibility that summary revocations other than when the defendant has absconded, particularly if necessary to preserve the court's jurisdiction, will comport with due process requirements." (*People* v. *Vickers, supra,* 8 Cal.3d 451, 460, and fn. 10.)[4]

Whatever the label placed on the March 28 proceedings, summary revocation was what the court accomplished. In brief, we hold that jurisdiction to sentence defendant attached as soon as defendant was brought before the court on the probation revocation charge and the court found probable cause to believe that defendant was in violation.

Finally, even if a defendant charged with a probation violation must be given an opportunity to have a full evidentiary hearing before probation time elapses, defendant in this case by seeking a continuance beyond the end of the probationary term waived his right to insist on a hearing within the time limits and is now estopped to claim that the court was without jurisdiction to revoke probation and sentence defendant to prison. (*In re Griffin, supra,* 67 Cal.2d 343, 348-349.)

*Probation Department Referral.*

■ Defendant contends that the court erred in not referring defendant's case to the probation department pursuant to Penal Code section 1203, subdivision (a). This section provides that in every case "in which a person is convicted of a felony and is eligible for probation, before judgment is pronounced, the court shall immediately refer the matter to the probation officer to investigate and report to the court . . . ." The section then enumerates the classes of persons eligible for probation. (§ 1203, subds. (d), (e).)

That section is patently inapplicable to this case. The primary purpose of a section 1203 referral is to determine a defendant's eligibility for probation. Such a referral had been made in defendant's case in March 1971, and he was then placed on probation. Subsequent probation

---

[4]A similar concern was expressed in *In re Davis,* 37 Cal.2d 872, 874-875 [236 P.2d 579], generally overruled in *Vickers, supra,* at page 455, and *In re Bye,* 12 Cal.3d 96, 105, footnote 9 [115 Cal.Rptr. 382, 524 P.2d 854].

reports were prepared for this proceeding, including one dated March 19, 1974. Another section 1203 referral was neither required nor appropriate. (Compare § 1203, subd. (f).)

*Credit for Time in Jail.*

Defendant contends that he was not given credit for the time served in 1971 as a condition of the probation. Nothing in the record indicates that defendant did in fact serve anytime whatsoever in 1971. Although there was a lengthy discussion concerning what credits, if any, should be given defendant, the issue now raised never came up. In any event, defendant is not precluded from receiving any credit to which he is entitled. (*In re Kapperman,* 11 Cal.3d 542, 546, fn. 4 [114 Cal.Rptr. 97, 522 P.2d 657].)[5]

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

---

[5]Since this matter was submitted, the People have moved to augment the record to show that on December 9, 1974, an order was filed giving defendant additional credit for presentence time served. In view of our disposition of the point, no purpose would be served by granting the motion, which is hereby denied.