131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry E. MONTGOMERY, Petitioner-Appellant,
v.
John RATELLE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56693.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Decided Nov. 14, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-01360-RAP-RC; Richard A. Paez, District Judge, Presiding.
 Before: BROWNING, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Henry Eugene Montgomery petitioned for habeas corpus after his conviction in state court for stabbing another person to death. He asserted ineffective assistance of state court counsel in a number of respects, but the district court denied his petition without holding a full-blown evidentiary hearing, although it did consider the evidence before it. He appealed and we affirm.[1]
 
 
 3
 1. In the state trial proceeding, Montgomery was first allowed to plead guilty to a lesser offense than second degree murder, which would have placed his sentence at four years in prison. However, because of his submission of untrue information at that time, the trial court later allowed the State to withdraw from the plea agreement. Montgomery now asserts that his trial counsel was ineffective because he did not object to the withdrawal.
 
 
 4
 However, Montgomery did not raise this issue in his habeas corpus petition in the district court, and cannot raise it here for the first time. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994); Tomlin v. Myers, 30 F.3d 1235, 1240 (9th Cir.1994). While we recognize that the assertion was mentioned in some of the papers, the district court did not notice that the issue was before it and did not decide the issue. When the magistrate judge failed so to do, Montgomery, who was represented by counsel, objected to the magistrate judge's report in other respects, but did not object on the ground that this issue had been overlooked. That underscores the fact that the issue was not presented to the district court for decision. See McCall v. Andrus, 628 F.2d 1185, 1187, 1189 (9th Cir.1980).
 
 
 5
 Were the issue properly before us, the record clearly shows that counsel did object to withdrawal of the plea, and also shows that the trial court was not about to permit Montgomery to obtain the benefit of his ill-gotten plea, once it discovered that Montgomery had previously committed the very kind of stabbing that led to his victim's death in this case. Thus, the claim is without merit.
 
 
 6
 2. Montgomery asserts that his due process rights were violated when the state trial court withdrew its approval of the plea after it learned of the false information that the plea rested upon. No doubt a breach of a plea agreement by the State can result in a due process violation in proper circumstances. See Santobello v. New York, 404 U.S. 257, 261-62, 92 S.Ct. 495, 498-99, 30 L.Ed.2d 427 (1971). But under the law of California, withdrawal of the court's approval of a plea bargain is appropriate in the correct circumstances. See People v. Johnson, 10 Cal.3d 868, 873, 519 P.2d 604, 607, 112 Cal.Rptr. 556, 559 (1974). We will not review state court determinations which are simply based on an application of state law. See Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir.1990). Moreover, there is no due process violation when a state court sets aside a plea bargain which was based upon misrepresentations. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984); People v. Johnson, 10 Cal.3d at 872-73, 519 P.2d at 607, 112 Cal.Rptr. at 559. Here, the representations regarding the nature of Montgomery's actual record of violence were exceedingly important to the trial court's acceptance of the plea bargain in the first place. We reject this claim.
 
 
 7
 3. Montgomery claims that his trial counsel was ineffective because he advised Montgomery not to accept a plea that would result in an eight-year three-month term of imprisonment, rather than the much longer term that he received after the trial. Of course, the determination of this issue requires asking whether counsel's performance was deficient when judged by an "objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). But in so doing we strongly presume that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. at 2065. Even if we do find counsel's performance deficient, we must then determine whether Montgomery was prejudiced, that is whether "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). Of course, we do apply the Strickland standard to claims that counsel was ineffective at the plea stage. See Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).
 
 
 8
 In the case at hand, assuming that counsel did advise Montgomery to eschew the eight-year three-month plea and that Montgomery otherwise would have accepted it, ineffective assistance was not shown. It is difficult to know in advance whether a plea will turn out to be advantageous, and counsel must be given leeway in this area. See United States v. Martini, 31 F.3d 781, 782 n. 1 (9th Cir.1994); see also McMann v. Richardson, 397 U.S. 759, 770-771, 90 S.Ct. 1441, 1448-1449, 25 L.Ed.2d 763 (1970). The mere fact that counsel's prediction about the ultimate sentence proves to be wrong does not show that he was incompetent. See United States v. Kidd, 734 F.2d 409, 414 (9th Cir.1984). We have reviewed the record and, given the harassment and threats to which Montgomery was subjected before he stabbed the victim, we cannot say that counsel's determination that the case was defensible and would not lead to a higher sentence was ineffective assistance. No evidentiary hearing was required to establish that. The district court did not abuse its discretion. See Turk v. White, 116 F.3d 1264, 1265 (9th Cir.1997).
 
 
 9
 4. Despite what counsel might have advised, Montgomery also claims that he did not accept that advice, but that he told counsel to accept the eight-year three-month plea. Counsel, he says, did not communicate that acceptance to the district attorney or to the trial court. He asserts that the district court should have held an evidentiary hearing on this claim. Were the record insufficient to resolve this claim, he would be correct. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990); Shah v. United States, 878 F.2d 1156, 1158-1159 (9th Cir.1989); Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir.1984). However, the record in this case makes Montgomery's claim so inherently unlikely that the district court was not required to give the claim the credence that would be necessary to warrant an evidentiary hearing. In other words, "[t]here are several matters in the record which, in combination, disprove [his] allegations." Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988).
 
 
 10
 While Montgomery does not appear to have been unduly reticent (at the first plea hearing he told counsel he wanted to take the four-year plea, even though counsel was arguing against it), he said nothing about taking the eight-year three-month offer at the hearing where it was discussed. Moreover, he said nothing about the matter during the remaining proceedings in the trial court, or during the appeal process. Instead, he waited until over five years after his appeal ended before asserting the claim on habeas corpus. That long delay makes his claim highly suspicious. See id. at 277-78. Then, too, there is no reason to think that counsel would not have conveyed Montgomery's desires to the district attorney and the trial court, when counsel had already done just that regarding the four-year plea. Also, if counsel had somehow failed to convey Montgomery's acceptance of the plea after he was asked to do so, we would expect that a statement from counsel on that subject would have been submitted to the district court. His correspondence with Montgomery shows that he thought the conviction was unjust, and that he was not opposed to Montgomery's desire to obtain his freedom. Nevertheless, no pertinent affidavit or other correspondence from counsel was submitted to the district court. Finally, it appears that the highly experienced state trial judge thought that the case ought to go to trial, and showed little interest in accepting a new plea bargain.[2] On balance, we are unable to say that the district court abused its discretion when it decided this matter without holding an evidentiary hearing. See Turk 105 F.3d at 480.[3]
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We do not apply the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 because Montgomery's petition was filed before the effective date. See Lindh v. Murphy, --- U.S. ----, ----, 117 S.Ct. 2059, 2061, 138 L.Ed.2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1494 (9th Cir.1997) (en banc)
 
 
 [2]
 We also note that it is far from clear that the suggested plea bargain was even legal. See Cal. Pen.Code § 1192.7; People v. Stringham, 206 Cal.App.3d 184, 200 & n. 12, 253 Cal.Rptr. 484, 493 & n. 12 (1988)
 
 
 [3]
 We have not overlooked Montgomery's claim regarding discovery. We simply find no indication that the district judge was asked for discovery and refused it. In any event, we see no merit in the contention