Filed 7/18/13  P. v. Foster CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CHAD DAVID FOSTER,<br><br>  Defendant and Appellant. | 2d Crim. No. B243813<br>(Super. Ct. No. 2012021654)<br>(Ventura County) |

Chad David Foster appeals an order revoking and reinstating probation in a misdemeanor case (case no. 2010001681) after appellant entered into a negotiated plea in case number 2012021654 to felony possession for sale of more than 14.25 grams of heroin (Health & Saf. Code, § 11351; Pen. Code, § 1203.07, subd. (a)(1)) and was sentenced to felony jail  (Pen. Code, § 1170, subd. (h)).[1]  Appellant argues, and the Attorney General agrees, that the plea agreement requires that probation be terminated in the misdemeanor case (case number 2010001681).  We reverse and remand to permit appellant to withdraw his guilty plea if he so desires.  (§ 1192.5; *People v. Johnson* (1974) 10 Cal.3d 868, 873.)  In the event appellant elects not to withdraw his guilty plea, the trial court is directed to impose a mandatory $40 court security fee (§ 1465.8, subd. (a)(1) and a $30 criminal conviction assessment.  (Gov. Code, § 70373.)

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*Procedural History*

On June 14, 2012, appellant was charged with possessing drug paraphernalia, methamphetamine, Suboxone, (Health & Saf. Code §§ 11364.1, subd. (a); 11377, subd. (a)) and possession of more than 14.25 grams of heroin for sale. (§ 11352.5(1); Pen. Code, § 1203.07, subd. (a)(1)). Appellant was on misdemeanor probation in case numbers 2009028498, 2010001681, 2010015450, and 2011005942.

Appellant waived preliminary hearing and entered a plea of guilty to felony possession for sale of more than 14.25 grams of heroin. The written plea agreement provided that appellant would receive a two-year split sentence consisting of one year county jail followed by one year mandatory supervision, and that probation would be terminated in the four misdemeanor cases.

The trial court accepted the plea and found appellant in violation of probation in case number 201001681. At the sentencing hearing, the trial court imposed a felony jail, two-year split sentence (§ 1170, subd. (h)(5)), terminated probation in three misdemeanor cases (case numbers 2009028498, 2010015450, and 2011005942) and, over appellant's objection, reinstated probation in the fourth case for driving under the influence (DUI; case no. 2010001681). The trial court ordered appellant to pay various fines and fees in the felony possession-for-sale case but failed to impose a mandatory $40 court security fee (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373).

*Discussion*

Penal Code section 1192.5 provides that where the negotiated plea is accepted by the prosecutor and approved by the trial court, the defendant may not be sentenced to a greater punishment than that specified by the plea. If the trial court withdraws " 'its approval in the light of further consideration of the matter, . . . *the defendant shall be permitted to withdraw his plea if he desires to do so. . . .*' [Citation.]" (*People v. Cruz* (1988) 44 Cal.3d 1247, 1250.)

Appellant asserts that specific enforcement of the plea bargain is appropriate even though restitution is outstanding in the DUI case (i.e., case no.

2

2010001681). Termination of probation converts the restitution order to a civil judgment. (See §§ 1202.4, subd. (m); 1214, subd. (b); *People v. Chambers* (1998) 65 Cal.App.4th 819, 822.) The record, however, indicates that appellant has not satisfied other probation terms in the DUI case. Thus, the trial court reinstated probation and ordered appellant to complete all the probation terms "regarding payment of fines and fees and attending of school . . . ." **(RT 17)~**

Absent very special circumstances, "a defendant should not be entitled to enforce an agreement between himself and the prosecutor calling for a particular disposition against the trial court . . . . The preferred remedy in that context is to permit [the] defendant to withdraw his plea and to restore the proceedings to the original status quo. [Citation.]" (*People v. Kaanehe* (1977) 19 Cal.3d 1, 13-14.)

The judgment is reversed and remanded to permit appellant to withdraw his guilty plea if he so desires. (§ 1192.5.) In the event appellant elects not to withdraw the guilty plea, the trial court is directed to impose a $40 court security fee (§ 1465.8, subd. (a)(1) and a $30 criminal conviction assessment (Gov. Code, § 70373). (See *People v. Woods* (2010) 191 Cal.App.4th 269, 272 [imposition of court facility assessment and court security fees are mandatory].)

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

3

Nancy Ayers, Judge

Superior Court County of Los Angeles

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard Lennon, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, , Supervising Deputy Attorney General, Mary Sanchez, David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.