Filed 11/13/14  P. v. Fleming CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059240 |
| v. | (Super.Ct.No. FCH1200209) |
| CHRISTOPHER FLEMING, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gerard S. Brown, Judge.  Reversed with directions.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

1

On May 17, 2012, defendant and appellant Christopher Fleming entered a plea agreement and pled no contest to one count of obtaining property by false pretenses (Pen. Code, § 532, subd. (a), count 1)[1] in exchange for three years of probation and a 365-day suspended county jail sentence. Defendant was released from custody on his own recognizance and was to return to court for pronouncement of judgment on June 28, 2012. The plea agreement listed the terms of his release, which included the orders that he stay away from two specified residences and have no contact with certain individuals. A trial court subsequently found that defendant violated the terms of his release. The court intended to place defendant on probation, pursuant to the plea agreement. However, when the court repeatedly asked him if he would agree to abide by the terms and conditions of probation, defendant refused to give a definitive answer. The court treated his response as a rejection of the probation terms and sentenced him to the midterm of two years in county prison.

On appeal, defendant argues that the court improperly sentenced him to a punishment that was outside the terms of the plea agreement. He contends that when the court could not enforce the plea agreement, it should have withdrawn its approval of the negotiated plea and permitted him to withdraw his plea. We agree and reverse the judgment with directions for the court to either enforce the plea agreement, or withdraw

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

its approval of the agreement and permit defendant to withdraw his guilty plea and go to trial on the original charge.

FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 2012, defendant was charged by felony complaint with obtaining money, labor or property by false pretenses.  (§ 532, subd. (a), count 1.)

On May 17, 2012, defendant entered a no contest plea to the charged offense, in exchange for three years of probation and a suspended 365-day county jail sentence.  The prosecutor informed the court that defendant was not actually going to be placed on probation until June 28, 2012, and that he was going to be released on his own recognizance under terms specified on the plea form.  Such terms required defendant to stay away from two specified residences and have no contact with certain individuals. The court warned defendant that, pending his sentencing on June 28, 2012, he had to follow those terms.  Defendant agreed and then pled no contest to count 1.  The court ordered him to return for sentencing and referred the matter to the probation department for a presentence report.

The sentencing hearing was continued several times.  On July 5, 2012, the court held a hearing and noted that a new complaint had been filed alleging that defendant went to one of the prohibited residences on June 16, 2012.  Thus, the court kept him in custody in the instant case and set bail at $250,000.  Defendant informed the court that he posted an affidavit outside of the courtroom and "revoked" his plea.  The court explained that he

3

did not have a unilateral right to withdraw his plea and that his attorney would be making a formal motion to withdraw the plea in the next few days.

On July 12, 2012, defendant filed a motion to withdraw his plea, alleging that he was forced to enter his plea out of fear that if he did not, he would be sent to Patton State Hospital for a psychological evaluation.

On July 30, 2012, defense counsel declared a doubt as to defendant's mental competence, pursuant to section 1368. The court suspended the proceedings. Defendant underwent a psychological evaluation on August 14, 2012. The psychologist opined that he was competent to stand trial.

At a hearing on September 12, 2012, the parties stipulated that defendant was competent to stand trial, and the court reinstated the proceedings. The court then heard arguments regarding defendant's motion to withdraw his plea. The court denied the motion. Defendant argued with the court and said that his attorney did not represent him. The court gave him a form to fill out regarding self-representation, but then denied his request to represent himself.

On October 3, 2012, the court held a hearing to determine whether or not defendant complied with the terms of his release from custody, prior to sentencing. A police detective testified that he went to one of the residences listed in the plea agreement and saw defendant there. The court determined that defendant violated the release terms by going to the residence. Defendant argued extensively with the court to the point that it ordered him removed from the courtroom. The prosecutor asked the court to place

4

defendant on probation that day and order him to serve 365 days in county jail. The court noted that a probation report was filed on June 20, 2012. Defense counsel said he had reviewed the report but had not reviewed the probation terms with defendant. The court took a recess to allow defense counsel to do so. Defendant was then brought back into the courtroom. The court asked defendant if he agreed to abide by the probation terms, but defendant said he did not understand them. Defendant then challenged the court on matters such as the court's jurisdiction and its oath of office. The court refused to indulge defendant in his inquiries and told him he had two options—he could either agree to the probation conditions and be placed on probation, or he could be sentenced to county prison. Defendant asked how long the county prison term would be, and the court explained that the term for his offense was 16 months, two years, or three years. Defendant would not answer the court directly as to which option he wanted, so the court repeatedly asked him if he would accept the terms of probation. Defendant asked the court to read him the terms of probation and go through them "point by point." The court confirmed with defense counsel that he went over the terms with defendant.

Defendant continued to refuse to answer the court's question about whether he wanted to abide by the probation conditions or be sentenced to county prison, and instead began ranting at length. The court warned defendant that if he continued to "play games" with the court, it would have him removed again. Defendant said he would "conditionally accept" the court's offer to have him removed, and continued to

5

antagonize the court. The court ordered him removed, and defendant cursed at the court and said he did not accept any of the court's offers or probation.

After defendant was removed from the courtroom, the court stated on the record that it gave defendant an opportunity to accept or reject the probation terms, and since defendant did not give a definitive answer, the court would treat that as a rejection. The court stated that it was in no position to place defendant on probation and that it was clear he did not wish to abide by the terms of probation. The prosecutor agreed, and the court said it intended to sentence defendant to county prison. Defense counsel asked for the low term. Based on defendant's criminal record, the court sentenced him to the midterm of two years in county prison.

## ANALYSIS

### The Court Improperly Sentenced Defendant on the Plea

Defendant argues that even though he may have rejected probation at the sentencing hearing, the court did not have the authority to impose a more severe punishment than that specified in the plea agreement. We agree. Since the court could not enforce the plea agreement, it should have withdrawn its approval of the negotiated plea and allowed defendant the opportunity to withdraw his plea, pursuant to section 1192.5.

"Under section 1192.5, if a plea agreement is accepted by the prosecution and approved by the court, the defendant 'cannot be sentenced on the plea to a punishment more severe than that specified in the plea . . . .' The statute further provides that if the

court subsequently withdraws its approval of the plea agreement, 'the defendant shall be permitted to withdraw his or her plea if he or she desires to do so.' [Citations.]"[2] (*People v. Masloski* (2001) 25 Cal.4th 1212, 1217.) Furthermore, "[i]f the court is for some reason unable to effectuate the bargain, a defendant must be given an opportunity to withdraw his guilty plea. [Citations.]" (*People v. Pinon* (1973) 35 Cal.App.3d 120, 124-125 (*Pinon*).)

In *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*), the defendant entered into a plea bargain, was released on bail, but then failed to appear for sentencing. (*Id.* at p. 1249.) When he was apprehended and sentenced, the trial court announced its intention not to abide by the plea bargain, and it refused to allow the defendant to withdraw his plea. (*Ibid.*) The Supreme Court held that the defendant's failure to appear for sentencing was not a breach of the plea agreement, but rather a separate offense for which the defendant was entitled to trial. Accordingly, the trial court's determination not to follow the terms

---

**2** Section 1192.5 provides, in relevant part: "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea. [¶] If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so."

of the plea bargain required that the defendant be given an opportunity to withdraw his plea. (*Id.* at pp. 1249, 1253-1254.)

In *People v. Johnson* (1974) 10 Cal.3d 868 (*Johnson*), the defendant pled guilty in exchange for a misdemeanor sentence and probation. (*Id*. at p. 870.) The trial court subsequently learned that the defendant had concealed his true name and criminal history during plea negotiations; so, it sentenced him to prison, contrary to the terms of the plea bargain, without offering him an opportunity to withdraw his plea. (*Id*. at pp. 870-871.) The Supreme Court reversed, holding that the provisions of section 1192.5, requiring that a defendant be given an opportunity to withdraw a plea if the court withdraws its approval, "makes no exception for defendants who have committed fraud in negotiating a plea bargain." (*Id.* at pp. 872-873.)

In the instant case, defendant entered a plea agreement that specified he would be put on probation at a future date. He was brought back for sentencing when he violated a condition of his release. The court attempted to place him on probation and asked if he would be willing to abide by the probation conditions. When defendant refused to directly respond, the court concluded that he did not wish to abide by the conditions. The court then unilaterally modified the terms of the agreement and sentenced defendant to two years in county prison. This course of action was improper. A defendant "cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea." (§ 1192.5.) Here, defendant pled no contest in reliance on the court's promise to grant probation.

8

The fact that defendant later would not agree to abide by the probation conditions did not provide the court with the option of holding him to his plea and sentencing him to something other than as specified in the plea agreement. Since defendant refused to agree to the probation conditions, the court could not effectuate the plea bargain. At that point, it should have withdrawn its approval of the plea agreement and permitted defendant to withdraw his plea. (§ 1192.5; *Pinon*, *supra*, 35 Cal.App.3d at pp. 124-125 ["If the court is for some reason unable to effectuate the bargain, a defendant must be given an opportunity to withdraw his guilty plea."]) We note that if defendant had been placed on probation at the time he entered his plea, and he subsequently violated conditions of his probation, the court would have been able to sentence defendant, notwithstanding the terms of the plea agreement. (*People v. Martin* (1992) 3 Cal.App.4th 482, 487 ["[W]here a defendant granted probation as part of a plea bargain violates that probation, subsequent sentencing is not limited by the terms of the original plea."]) However, defendant was never put on probation.

The People assert that defendant "obstructed the court's ability to impose the terms of the plea agreement" and should not be allowed to benefit from his own conduct. However, in both *Cruz*, *supra*, 44 Cal.3d 1247 and *Johnson*, *supra*, 10 Cal.3d 868, it was the defendants' conduct that made enforcement of the plea bargains inappropriate. Nonetheless, the courts in those cases withdrew approval of the bargains, and the defendants were given the opportunity to withdraw their pleas. (*Cruz,* at pp. 1249, 1254; *Johnson*, at p. 872.)

9

The People next note that defendant's formal motion to withdraw his plea was unsuccessful and argue that he should not be allowed to benefit from his "act of circumventing the trial court's proper decision" to deny the motion. The People reason that, since defendant had already pled no contest, and there were no legal grounds to withdraw the plea, the court was well within its discretion to find an alternative sentence for him, outside of the plea agreement. However, the People cite no authority for this proposition. "'[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]' [Citations.]" (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Moreover, defendant's motion to withdraw his plea alleged that he entered his plea out of fear that he would be sent to Patton State Hospital for a psychological evaluation if he did not do so. The court denied the motion, noting that it had thoroughly questioned defendant and found his plea free and voluntary. Additionally, the court found that, aside from his own declaration, defendant did not provide any evidence to support his allegation that his counsel threatened to send him for a psychological evaluation. Thus, the court denied the motion because defendant failed to show good cause to withdraw his plea. (§ 1018.) However, permitting a defendant to withdraw his plea under section 1192.5 is a completely separate issue. As discussed above, because the court could not effectuate the plea bargain, it should have withdrawn its approval of the plea agreement and permitted defendant to withdraw his plea. (§ 1192.5; *Pinon*, *supra*, 35 Cal.App.3d 120, 124-125.)

10

In a similar argument, the People contend that if we allow a defendant who refuses probation conditions to then withdraw his plea, we would provide "a backdoor to achieving the goal of having a plea withdrawn." However, as both parties agree, this was an unusual situation. Most defendants who bargain for probation want to be placed on probation. Thus, we do not anticipate this situation occurring often. If it does, prosecutors could avoid the situation by requiring defendants to be placed on probation immediately after entering their guilty pleas, or by simply not offering plea agreements that place defendants on probation.

The People additionally argue that "policy reasons" support the court's decision to sentence defendant on the plea. The People cite *People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*) to say that "defendants who have received the benefit of their bargain should not be allowed to trifle with the courts." The People contend that a defendant should not be able to refuse to agree to probation conditions, and thereby "force" the trial court to allow him to withdraw his plea, since that amounts to trifling with the court. However, *Hester* is not on point. Defendant here originally pled no contest in return for being put on probation. Probation is a privilege. (*People v. Bravo* (1987) 43 Cal.3d 600, 608.) Defendant did not actually receive the benefit of his bargain, since he was never put on probation. In effect, he obstructed his own benefit of receiving probation by refusing to agree to the probation conditions. If defendant no longer wanted the privilege of probation, the court should have permitted him to withdraw his plea. (See *ante*.)

We now decide the appropriate remedy. "The usual remedies for violation of a plea bargain are to allow defendant to withdraw the plea and go to trial on the original charges, or to specifically enforce the plea bargain." (*People v. Mancheno* (1982) 32 Cal.3d 855, 860-861.) Thus, we will remand the matter for the trial court to specifically enforce the plea agreement and place defendant on probation, in accordance with the agreement. If defendant again refuses to agree to abide by the probation conditions, then the court will permit him to withdraw his guilty plea and go to trial on the original charge.

## DISPOSITION

The judgment is reversed. The Superior Court of San Bernardino County is directed to specifically enforce the plea agreement. If defendant does not agree to abide by the probation terms, the court is directed to withdraw its approval of the plea agreement, pursuant to section 1192.5, and permit defendant to withdraw his guilty plea and go to trial on the original charge.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

12

CODRINGTON J.