[Crim. No. 21201. First Dist., Div. One. Sept. 2, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES E. KING, Defendant and Appellant.

**COUNSEL**

Jay E. Goodman, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, John T. Murphy and John H. Sugiyama, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ELKINGTON, Acting P. J.**—Pursuant to a *renegotiated* plea bargain, defendant King pleaded guilty to rape by force and violence in the commission of which he used a deadly weapon. (Pen. Code, §§ 261, subd. 2, 12022, subd. (b).) On his appeal from the judgment thereupon entered, he contends only that he was entitled to specific enforcement of an earlier, and to him a more favorable, plea bargain which the trial court had repudiated, as not in the public interest, when more fully advised at the time set for sentencing.

■ The trial court was, of course, permitted to reject the earlier tentatively accepted plea bargain, in its discretion, upon being more fully informed about the case. (Pen. Code, § 1192.5; *People v. Johnson* (1974) 10 Cal.3d 868, 873 [112 Cal.Rptr. 556, 519 P.2d 604].) King makes no contrary contention.

■ Instead, he points out that the trial court did *not*, as required by Penal Code section 1192.5 (3d par.), advise him at the time the earlier plea was conditionally accepted and entered, that it might "withdraw its approval in the light of further consideration of the matter, ..." He then states that as a result he "was under the impression that the bargain was an accomplished fact—and thereafter talked freely [and] revealed acts to the probation officer which would impair his ability to go to trial on the dismissed charges." Therefore, he continues: "Because of the trial court's failure to follow the rule of Penal Code § 1192.5 and appellant's reliance thereon, the trial court was without power to set aside the plea bargain."

It has been held that such candid revelations, as King here claims to have made to the probation officer, "are not admissible either for substantive evidence or for impeachment in any retrial on the same issues." (*People v. Harrington* (1970) 2 Cal.3d 991, 999 [88 Cal.Rptr. 161, 471 P.2d 961] [cert. den., 402 U.S. 923 (28 L.Ed.2d 662, 91 S.Ct. 1384)].) (Logically, such a rule seems equally applicable here, where there had been no previous "trial on the same issues.") ■ And we observe that the high court has expressed, in *People v. Johnson, supra,* 10 Cal.3d 868, 873, "reluctance to create a right to specific performance of a plea bargain whenever the court has failed to advise a defendant of his rights under section 1192.5." Thereafter the same court, referring to *People v. Johnson,* stated: "We have previously held that a defendant should not be entitled to enforce an agreement between himself and the prosecutor

calling for a particular disposition against the trial court absent very special circumstances." (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 13 [136 Cal.Rptr. 409, 559 P.2d 1028].) (We discern no "very special circumstances" attending the case at hand.)

These several rules are reasonably applicable here, and we apply them.

The judgment is affirmed.

Newsom, J., and Grodin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 25, 1981.