Filed 11/28/22 P. v. Ochoa CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095062 |
| v. | (Super. Ct. Nos. 17FE014142, 19FE011432) |
| JOSE OCHOA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jose Ochoa asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a supplemental brief. Our review of the record indicates the trial court did not affirmatively dismiss a charged misdemeanor following defendant's no contest plea. We will modify the judgment to dismiss the misdemeanor charge. Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

## I

In June 2017, defendant hit and tried to suffocate a woman he was dating. An August 2017 complaint in case No. 17FE014142 alleged one count of inflicting corporal injury resulting in a traumatic condition upon a person defendant was dating (Pen. Code, § 273.5, subd. (a) -- count one)[1] and one count of misdemeanor vandalism (§ 594, subd. (a) -- count two).

In June 2019, defendant shot another man with a semiautomatic firearm after the two had a disagreement. A December 2019 complaint in case No. 19FE011432 alleged unlawful discharge of a firearm (§ 26100, subd. (c) -- count one), assault with a semiautomatic firearm (§ 245, subd. (b) -- count two), and being a felon in possession of a firearm (§ 29800, subd. (a)(1) -- count three). The complaint further alleged as to count two that defendant personally used a firearm within the meaning of section 12022.5, subdivision (a).

In September 2021, pursuant to a negotiated disposition, defendant pleaded no contest to the corporal injury offense in case No. 17FE014142, and the assault offense in case No. 19FE011432, and admitted the section 12022.5, subdivision (a) firearm allegation associated with the assault offense. The parties' negotiated disposition contemplated dismissal of defendant's other charges in the two matters.

In October 2021, and consistent with the parties' understanding of the negotiated disposition, the trial court sentenced defendant to an aggregate term in state prison of 10 years, consisting of: the middle term of six years for the assault, the middle term of four years for the firearm enhancement, and a concurrent middle term of three years for the corporal injury offense.

---

[1] Undesignated statutory references are to the Penal Code.

The trial court granted the prosecutor's motion to dismiss the remaining counts in case No. 19FE011432. No mention was made of the remaining misdemeanor count in case No. 17FE014142.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief arguing he was deprived of a full and fair opportunity to challenge the validity of his no contest plea, and facts not in evidence when he was sentenced might have weighed heavily in mitigation. But because defendant did not obtain a certificate of probable cause, he cannot on direct appeal raise issues concerning the validity of his plea. (See § 1237.5; *People v. Johnson* (2009) 47 Cal.4th 668, 678-679; *People v. Mendez* (1999) 19 Cal.4th 1084, 1097-1099.) As for defendant's second claim, we will not consider evidence that was not presented to the trial court. (See *People v. Hannon* (2016) 5 Cal.App.5th 94, 104.)

Nevertheless, defendant is entitled to the full benefit of the parties' negotiated disposition approved by the trial court. (*People v. Superior Court* (*Gifford*) (1997) 53 Cal.App.4th 1333, 1337-1338.) Accordingly, we will modify the judgment to dismiss the misdemeanor vandalism count in case No. 17FE014142. Because a minute order already reflects such a dismissal, no further correction of that document is necessary.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

Defendant's requests for judicial notice and to augment the record on appeal are denied.

## DISPOSITION

The judgment is modified to dismiss the misdemeanor vandalism count in case No. 17FE014142. The judgment is affirmed as modified.

/S/
MAURO, Acting P. J.

We concur:

/S/
DUARTE, J.

/S/
HOCH, J.

4