Filed 3/11/26  P. v. Clarke CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br>v.<br><br>NICOLE JUSTINE CLARKE,<br>        Defendant and Appellant. | A173138<br><br>(Del Norte County<br>Super. Ct. No. CF249028) |

**MEMORANDUM OPINION**[1]

The prosecution charged Nicole Justine Clarke with felony possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 1), felony unlawful possession of ammunition by a felon (*id.*, § 30305, subd. (a)(1); count 2), and misdemeanor public intoxication (*id.*, § 647, subd. (f); count 3).  As part of a negotiated plea agreement, Clarke agreed to plead no contest to count 1 in exchange for a 16-month prison sentence and the dismissal of the remaining counts.  Ultimately, the trial court sentenced Clarke to 16 months in prison pursuant to the plea agreement, with the sentence deemed served.  The minutes indicate the remaining counts were dismissed.  At the hearing,

---

[1] We resolve this case by memorandum opinion (Cal. Stds. Jud. Admin., § 8.1) and recite only those facts necessary to resolve the limited issue before us (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851).

1

however, the court did not mention the dismissal of the remaining counts, and the abstract of judgment does not address those counts.

On appeal, Clarke contends the trial court erred by failing to dismiss the remaining counts as required by the plea agreement. While she acknowledges the minutes indicate the counts were dismissed, she notes the court did not orally dismiss them at the hearing and asks us to remand the matter with directions to dismiss counts 2 and 3. The Attorney General agrees counts 2 and 3 should have been dismissed. Instead of remanding the matter—and unnecessarily wasting limited resources—the Attorney General suggests we modify the judgment to reflect the plea agreement. (Pen. Code, § 1260; *People v. Superior Court (Gifford)* (1997) 53 Cal.App.4th 1333, 1337 [" ' "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." ' "].) We accept the Attorney General's concession and suggestion.

## DISPOSITION

We modify the judgment to reflect the dismissal of counts 2 and 3. In all other respects, the judgment is affirmed.

_____
LANGHORNE WILSON, J.

WE CONCUR:


_____
HUMES, P. J.


_____
SMILEY, J.


*People v. Clarke / A173138*