[Crim. No. 39554. Second Dist., Div. Five. Mar. 4, 1982.]

THE PEOPLE, Plaintiff and Appellant, v.
ANTHONY ANDERSON, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

Roger F. Potash, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

ASHBY, J.—The People appeal from an order dismissing nine counts of a ten-count information. The court made the order after accepting the defendant's plea of guilty to the 10th count, and sentencing him to a low term in the state prison. The disposition was intended by the court to be consistent with certain prior negotiations concerning a plea bargain, but was made over the express objection of the prosecutor who did not agree to the bargain and who was ready to proceed with jury trial.

On May 27, 1980, defendant was charged with one count of burglary, three counts of forcible sodomy, two counts of robbery, and three counts of false imprisonment arising out of his entry into a residence on the night of December 13, 1978. Three victims were involved. As to

each of the counts, it was alleged that defendant personally used a firearm. On November 18, 1980, a 10th count was added, alleging that between December 13, 1978, and February 8, 1979, defendant received stolen property. Trial was trailed until December 1, 1980, when it was transferred from Department Northeast H (Pasadena) to Department 100 (central Los Angeles).

When the case was called, the trial court stated: "Matter is a ten-day trial from Pasadena. [¶] The record will reflect that the Court has engaged in colloquy with counsel in chambers and the administrative level negotiation of this case which was considered realistic and equitable by those who would set the matter for trial. [¶] It has been rejected. [¶] According to the local conditions that prevail, the Court will accept that negotiation; mindful that the attorney who followed this case from Pasadena must not agree. [¶] It's the Court's understanding that the defendant was offered, with the approval of the chief deputy of the ... Pasadena branch, which was as follows: The defendant will enter a plea of Count X—a plea of guilty to Count X wherein he is charged with violation of 496 of the Penal Code, receiving stolen property. [¶] It is my understanding that he will be sentenced to the low term prescribed by law in the State Prison, that being sixteen months, and, of necessity, receiving credits for the time, good time/work time, of which he is entitled. [¶] In addition, I understand that there is a violation matter that he is to be sentenced on and the sentence is to be served concurrent."

The prosecutor objected, stating: "We are presently standing in this courtroom, Department 100, and announcing ready for jury trial and we are prepared to go to jury trial on all counts, that the negotiation that the Court has indicated on the record at this time, and that was discussed, was in fact presented to Mr. Potash [defense counsel] *and was then withdrawn by our office and we now stand ready to proceed on all counts for a jury trial.*

"THE COURT: Thank you. That is some—

"MR. BARTON: [prosecutor] Also, if the Court intends to take this plea, *it would be over the express objection of the People at the present time.*" (Italics added.) The court thereafter took the plea. At the time for sentencing, the People again renewed their objection. The court sentenced the defendant to a low term in state prison for receiving stolen property and then dismissed the remaining counts.

■ The trial court erred in imposing a plea bargain over the objection of the People. "The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by the court. (§§ 1192.1, 1192.2, 1192.4, 1192.5; *People v. West* (1970) 3 Cal.3d 595, 604-608 [91 Cal.Rptr. 385, 477 P.2d 409].) Pursuant to this procedure the defendant agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged. (*People v. West, supra*, 3 Cal.3d at p. 604.) This more lenient disposition of the charges is secured in part by prosecutorial consent to the imposition of such clement punishment (§ 1192.5), by the People's acceptance of a plea to a lesser offense than that charged, either in degree (§§ 1192.1, 1192.2) or kind (*People v. West, supra*, 3 Cal.3d at p. 608), or by the prosecutor's dismissal of one or more counts of a multi-count indictment or information. Judicial approval is an essential condition precedent to the effectiveness of the 'bargain' worked out by the defense and prosecution. (§§ 1192.1, 1192.2, 1192.4, 1192.5; *People v. West, supra*, 3 Cal.3d at pp. 607-608.) But implicit in all of this is a process of 'bargaining' between the adverse parties to the case—the People represented by the prosecutor on one side, the defendant represented by his counsel on the other—which bargaining results in an agreement between them. (*See People v. West, supra*, 3 Cal.3d at pp. 604-605.)

"However, the court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of 'plea bargaining' to 'agree' to a disposition of the case over prosecutorial objection. Such judicial activity would contravene express statutory provisions requiring the prosecutor's consent to the proposed disposition, would detract from the judge's ability to remain detached and neutral in evaluating the voluntariness of the plea and the fairness of the bargain to society as well as to the defendant, and would present a substantial danger of unintentional coercion of defendants who may be intimidated by the judge's participation in the matter. (*People v. Williams* (1969) 269 Cal.App.2d 879, 884 [75 Cal.Rptr. 348].) In the instant case it is undisputed that the prosecution did not agree to the arrangement by which the charges against defendant were disposed of; it is therefore clear that the matter under consideration herein does not involve a plea bargain." (*People v. Orin* (1975) 13 Cal.3d 937, 942-943 [120 Cal.Rptr. 65, 533 P.2d 193]; fns. omitted.)

The record is unclear as to when the chief deputy of the Pasadena branch of the prosecutor's office offered the bargain, but the record is absolutely clear that by the time for entry of the plea in open court, the People had withdrawn consent to any such bargain, and were ready for trial. Under *Orin* and Penal Code section 1192.5, a plea bargain requires the consent of both the defendant and the People given in open court. If the defendant had changed his mind and had been unwilling to waive his constitutional rights, the court could not have imposed the bargain over his objection. Likewise, where the People have withdrawn from negotiations before the defendant has pleaded guilty and waived his constitutional rights, the court has no authority to impose over the People's objection an earlier bargaining position. (See *People* v. *Barnett* (1980) 113 Cal.App.3d 563, 572 [170 Cal.Rptr. 255].)

The order of dismissal is reversed. The cause is remanded with directions to reinstate counts I through IX and to permit defendant to withdraw his plea of guilty to count X if he so elects. If defendant has already served time on count X, he will be entitled to appropriate credit pursuant to *People* v. *Calloway* (1981) 29 Cal.3d 666, 673 [175 Cal. Rptr. 595, 631 P.2d 30].

Stephens, Acting P. J., and Hastings, J., concurred.