[Crim. No. 40924. Second Dist., Div. Two. Apr. 26, 1982.]

THE PEOPLE, Plaintiff and Appellant, v.
ANTHONY GLEN WOODARD, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and George M. Palmer, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Rickard Santwier and Morton P. Borenstein, Deputy Public Defenders, for Defendant and Respondent.

OPINION

**COMPTON, J.**—The People appeal from a judgment of the Superior Court of Los Angeles County granting probation to the defendant and dismissing one of the charges against him. We reverse.

Defendant was charged in a two-count information filed by the District Attorney of Los Angeles County with burglary (count I) and a violation of Penal Code section 288, child molesting (count II).

The judgment from which this appeal is taken was entered after the trial court, *over the objection of the People,* permitted the defendant to enter a plea of guilty to the burglary charge (count I) and dismissed the child molestation charge (count II). Proceedings were suspended, defendant was placed on probation for a period of five years and after receiving credit for time already served was released from custody.

In taking the action that it did, the trial court purported to specifically enforce a "plea bargain" previously entered into between the prosecution and defendant. That "plea bargain" had previously been tentatively approved by the Honorable Henry Shatford, a judge of the Los Angeles Superior Court, before whom the matter was originally set.

After defendant had entered a guilty plea to the burglary charge and a not guilty plea to the charge of child molesting, Judge Shatford set the matter for sentencing. After receiving a report from the probation department and a report from the Department of Corrections pursuant to Penal Code section 1203.3, Judge Shatford withdrew his approval of the bargain on the grounds that defendant was dangerous and required incarceration beyond that contemplated by the "plea bargain."

Judge Shatford then permitted defendant to withdraw his guilty plea and enter a plea of not guilty to the burglary charge. The entire matter was transferred for trial to the department of the Honorable Gilbert Alston, who entered the judgment from which this appeal is taken.

■ It is well settled that a plea bargain is a tripartite agreement which requires the consent of the defendant, the People and the court. (Pen. Code, § 1192.5; *People* v. *Orin* (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193].) The court has no authority to impose a bargain over the People's objections nor to substitute itself as the representative of the People in the bargaining process. (*People* v. *Anderson* (1982) 129 Cal.App.3d 491 [181 Cal.Rptr. 68]; *People* v. *Barnett* (1980) 113 Cal.App.3d 563 [170 Cal.Rptr. 255].)

■ Thus, Judge Alston lacked authority, absent agreement by the People, to enforce the bargain even though the People had previously approved of such bargain. The controlling fact is that at the time Judge Alston purported to give effect to the agreement, the People had withdrawn therefrom and defendant stood before the court on pleas of not guilty to both charges. (*People* v. *Anderson, supra.*)

On this appeal defendant, in support of the judgment, attempts to collaterally attack the order of Judge Shatford withdrawing consent to the previous bargain.

Penal Code section 1192.5 specifically provides that the court's approval of a plea bargain is not binding on the court and that approval may be withdrawn at the time of sentencing if the court, after further consideration and in the exercise of its inherent discretion in sentencing, concludes that the bargain is not in the best interests of society. (*People* v. *Johnson* (1974) 10 Cal.3d 868 [112 Cal.Rptr. 556, 519 P.2d 604].) Simply stated, the People and the defendant cannot, by entering into a bargain, bind the court to a particular disposition with which the trial court does not agree. If the trial court withdraws its prior approval the defendant is then entitled to withdraw the guilty plea and go to trial.

Defendant here has favored us with a lengthy discussion of the reports of the probation department and the Department of Corrections in order to bolster his contention that Judge Shatford abused his discretion in refusing to carry out the bargain and in effect attempts to set up an estoppel against Judge Shatford's withdrawal of his approval.

Whatever the merits of that argument, Judge Shatford's actions were past history at the time the defendant appeared before Judge Alston for trial. ■ The Superior Court of Los Angeles County, though comprised of a number of judges, is a single court and one member of that court cannot sit in review on the actions of another member of that same court.

Assuming arguendo that defendant, as he contends, could establish that there exists "very special circumstances" which would have entitled him to the extremely unique remedy of specifically enforcing his bargain against Judge Shatford (*People* v. *Kaanehe* (1977) 19 Cal.3d 1 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People* v. *Johnson, supra*, 10 Cal.3d 868) the proper procedure to obtain relief was by way of a petition for an extraordinary writ in this court and not by simply requesting Judge Alston to overrule Judge Shatford.

The only judgment before us at this time is based on the unauthorized action of Judge Alston in enforcing a bargain over the objections of the People, and that judgment must be, and is, reversed. The matter is remanded to the trial court with directions to vacate the sentence, permit the defendant to withdraw his plea of guilty, enter a plea of not guilty and have the matter set for trial.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied May 14, 1982, and respondent's petition for a hearing by the Supreme Court was denied July 22, 1982.