Filed 6/24/13  P. v. Frazier CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037425 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS101800) |
| v. | |
| AARON FRAZIER, | |
| Defendant and Appellant. | |

In this timely appeal, Aaron Frazier (appellant) challenges the trial court's refusal to reinstate him on probation following a contested probation revocation hearing. Appellant argues that it was an abuse of discretion for the court not to reinstate him on probation; he asserts that this abuse of discretion requires reversal of the judgment.  For reasons that follow, we affirm the judgment.

*Proceedings Below*

Appellant was charged by information filed December 7, 2010, with second degree robbery (Pen. Code, § 211, count one), and grand theft from the person of another (§ 487, subd. (c), count two).[1]  The information contained an allegation that appellant had served a prior prison term within the meaning of section 667.5, subdivision (b).

On December 22, 2010, appellant entered into a plea bargain under the terms of which he agreed to plead guilty to the grand theft charge and admit that the prior prison

---

[1]     All unspecified section references are to the Penal Code.

term allegation was true, in exchange for a promised disposition of probation, with a three year prison term imposed but with execution suspended. Subsequently, at the sentencing hearing held on February 18, 2011, the court admitted appellant to probation for three years on the condition, among other things, that he serve a 365 day county jail sentence with a surrender date of March 30, and report to his probation officer within three days of the sentencing hearing. The court imposed a three year prison term but suspended execution of the sentence pending appellant's successful completion of probation.

Thereafter, on March 29, 2011, the probation department filed a petition alleging, among other things, that appellant violated his probation by failing to report to probation within three days of his sentencing hearing, failing to report for an appointment when directed so to do by his probation officer, leaving Monterey County without permission and failing to surrender to the county jail to serve his 365 day sentence.

Following a contested probation revocation hearing the court found true the allegation that appellant had violated his probation by failing to report to probation. On September 23, 2012, the court terminated appellant's probation and ordered execution of the previously imposed prison sentence of three years. The court awarded appellant 148 days of presentence custody credits.

*Facts and Proceedings Below*[2]

*Appellant's Conviction*

Briefly, we summarize the facts underlying appellant's convictions.

Santos Manzanara, a taxi cab driver, reported to police that he drove appellant to Salinas. According to Manzanara, appellant told him that he would pay him when he got to his sister's apartment in Salinas. Once they arrived in Salinas, appellant entered his sister's apartment, came back out and told Manzanara that he did not have the money.

---

[2]     The facts are taken from the probation officer's report and the transcript from the preliminary examination.

2

When Manzanara took out his cellular telephone to call the police, appellant grabbed the telephone out of Manzanara's hand and ran away. The cab fare was approximately $50. Manzanara reported the crime to the police at approximately 5:44 a.m.

Initially, appellant pleaded not guilty to the charges. However, on December 22, 2010, appellant changed his plea. He signed and initialed a "WAIVER OF RIGHTS PLEA OF GUILTY/NO CONTEST" form (hereafter waiver form) that stated the terms of the negotiated disposition. Specifically, the form reflected that appellant was "pleading Guilty/No Contest to the offense(s) of: PC 487 GRAND THEFT PERSON [ON CONDITION OF 3YR ESS; APPEL[L]ATE WAIVER; AND O.R. RELEASE W/CRUZ WAIVER]." Appellant was to admit "the following enhancements and/or priors: 1 PRIOR PRISON TERM PER 667.5 (b)[.]" In the waiver form, appellant was advised that the maximum sentence he faced was four years in state prison; and that if he violated any term of his probation he could "be sent to state prison for the maximum term allowed by law . . . . "

At the change of plea hearing, defense counsel outlined the plea agreement for the court. Specifically, defense counsel stated that appellant "would plead guilty to an added count of 487, . . . for an agreed to execution of sentence suspended for three years. He would also give up his right to appeal the plea and the sentence. And the District Attorney would agree to release [appellant] OR pending sentencing, with a Cruz waiver."[3] The court asked defense counsel—"Now, is it contemplated that if the defendant violates probation and is sent to prison that he can't appeal that either?" Defense counsel asked Judge Duncan, "So, he couldn't appeal the violation of probation finding?" Judge Duncan replied, "That's my question," to which defense counsel replied, "Oh no, I'm just trying to get the question. Yes, your Honor."

---

[3]    *People v. Cruz* (1988) 44 Cal.3d 1247.

The waiver of rights form contains an "ATTORNEY'S STATEMENT" that reads "I am the attorney of record and I have explained each of the above rights to the defendant, and have explained and discussed the facts and possible defenses to the charge(s), and the possible consequences of a plea of guilty or no contest. I concur in defendant's decision to waive the above rights and to enter a plea of Guilty/No Contest. I have witnessed the reading of this form by the defendant and his/her initialing and signing this form." Defense counsel's signature appears on the form underneath this statement.

At the change of plea hearing, Judge Duncan confirmed with appellant that he read then signed the entire waiver form and that he gave up his rights to appeal. Specifically, Judge Duncan confirmed with appellant that he was "in this particular agreement, giving up your right to appeal any actions by the Court in terms of sentencing, either now or in the future? Do you agree with that?" Appellant replied, "Yes, sir." Thereafter, appellant entered a no contest plea to the grand theft count and admitted the prior prison term allegation. Judge Duncan asked appellant "you agree that if the court releases you on your own recognizance and you fail to comply with the terms and condition, such as appearing at probation and getting interviewed and also returning to court on February the 16th, that the Court would not be bound by the plea agreement, the Court could send you to prison if the Court felt that was appropriate?" Appellant replied, "Yes, sir."

Subsequently, on February 16, 2011, appellant failed to appear for sentencing. The minute order from that hearing states that appellant's "car broke down." Judge Duncan issued a bench warrant, but ordered it held until February 18, 2011.

On February 18, 2011, appellant appeared for sentencing. As noted, pursuant to the plea agreement, the court admitted appellant to probation and imposed but suspended execution of a three year prison term consisting of the mid-term of two years plus one year for the prison prior.

4

*Probation Revocation Hearing and Sentencing*

As noted *ante*, the probation department cited four probation violations—appellant failed to report to probation within three days of his sentencing hearing, failed to report for an appointment when directed so to do by his probation officer, left Monterey County without permission and failed to surrender to the county jail to serve his 365 day sentence.

At the contested probation revocation hearing, appellant's probation officer testified that appellant did not report to her within three days of his release after the sentencing hearing held on February 18, 2011. The officer testified that she called appellant on March 10, 2011, to remind him that he was supposed to report to probation. Appellant told her that he was in San Francisco and that he was having transportation problems. The officer was aware that appellant lived in Alameda County and directed him to report by March 15, 2011. Appellant did not report as directed.

Judge Butler found that appellant was in violation of his probation based on his failure to report to the probation officer. The court did not find the allegation that he failed to surrender to the jail to be true.

Subsequently, at the sentencing hearing held on September 23, 2011, Judge Butler told counsel that she was "leaning towards imposing the sentence that was suspended." Appellant, both personally and through counsel, argued for reinstatement of probation. Judge Butler was not persuaded by either counsel's or appellant's pleas for reinstatement. She stated her reasons for terminating probation and ordering execution of the prison sentence as follows: "My thoughts are this, Mr. Frazier, I'm going to sentence you to prison. I don't want to. This doesn't make me happy. This should have never -- you should have taken the lower prison term at the time of sentencing. Looking at your criminal history, looking at this . . . disposition was not in your best interest. I don't fault anyone for giving you a chance, but you were sentenced to serve 365 days back in February. You didn't turn yourself in. You didn't do your jail term. You didn't report. It

just -- [¶] At this point, probation is denied. The Court is going to impose[] the previously executed [*sic*] sentence . . . ."[4]

Appellant argues on appeal that the court's statement of reasons is premised largely on Judge Butler's disagreement with the original plea bargain, which had been approved by a different judge in violation of the principle of comity. Furthermore, he asserts that other than this perception that the original deal was not appropriate for him, the only stated reasons for rejecting reinstatement of probation was the fact that he did not report, or serve his jail time. Appellant contends that the conclusion that he did not serve his jail time is contrary to the record and the express finding by Judge Butler at the revocation hearing. Appellant argues, "The remaining fact, that he did not report, while correct, merely restates the rather de minimus violation of probation already found by the court." Without citation to authority, appellant asserts "[i]t is axiomatic that a proper exercise of sentencing discretion cannot be made where the only fact considered is a minor probation violation, without any attention to critical mitigating factors militating toward reinstatement of probation i.e., the absence of any new law violations, the colorable reason for not reporting (lack of transportation) and [his] efforts, by turning himself in to Bay Area police, to get himself transported in order to report and surrender."

*Discussion*

While acknowledging that he waived his appeal rights, citing to *People v. Vargas* (1993) 13 Cal.App.4th 1653 (*Vargas*), appellant argues that "such waivers of the right to appeal under a plea agreement, while valid as to any challenges to a sentence imposed pursuant to a plea bargain, do not include waiver of error occurring after the waiver is entered." In this case, we are not persuaded that *Vargas* is controlling.

---

[4] The probation officer's report prepared for the sentencing hearing indicates that Monterey County jail records showed that appellant had not served his original 365 day county jail sentence.

"Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citations.] Acceptance of the agreement binds the court and the parties to the agreement. [Citations.] ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties . . . must abide by the terms of the agreement." ' [Citations.]" (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.)

"[I]t is well settled that a plea bargain may include a waiver of the right to appeal." (*People v. Buttram* (2003) 30 Cal.4th 773, 791 (*Buttram*); accord, *People v. Panizzon* (1996) 13 Cal.4th 68, 80, 82, (*Panizzon*) A defendant may waive the right to appeal in writing or orally in court. (*Panizzon,* at p. 80.)

In general, "[a] broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error. [Citation.]" (*People v. Mumm* (2002) 98 Cal.App.4th 812, 815.) But, in *Panizzon,* our Supreme Court held that when a defendant agrees to a plea bargain that includes a specified sentence, and that sentence is actually imposed, the defendant's specific waiver of the right to appeal *from the sentence* will foreclose appellate review thereof. In *Panizzon*, the defendant received a written advisement of his appellate rights and had agreed, in writing, to waive his right to appeal the sentence. (*Panizzon, supra,* 13 Cal.4th at pp. 82, 85–86.) The court explained: "Not only did the plea agreement in this case specify the sentence to be imposed, but by its very terms the waiver of appellate rights also specifically extended to any right to appeal such sentence. Thus, what defendant seeks here is appellate review of an integral element of the negotiated plea agreement, as opposed to a matter left open or unaddressed by the deal. . . . [B]oth the length of the sentence and the right to appeal the sentence are issues that cannot fairly be characterized as falling outside of defendant's contemplation and knowledge when the waiver was made . . . ." (*Id.* at pp. 85–86.)

7

In *Vargas*, *supra*, 13 Cal.App.4th 1653, a case involving a challenge to the award of custody credits (*id.* at p. 1656), the court concluded "that the general waiver of the right of appeal d[oes] not include error occurring after the waiver because it was not knowingly and intelligently made. Such a waiver of possible future error does not appear to be within defendant's contemplation and knowledge at the time the waiver was made. Any person in defendant's position would reasonably know that such a general waiver of appeal rights obviously included error occurring up to the time of the waiver; however, in our view, it is not reasonable to conclude that the defendant made a knowing and intelligent waiver of the right to appeal any unforeseen or unknown future error . . . ." (*Id.* at p. 1662.)

In *Panizzon, supra,* 13 Cal.4th 68, the plea agreement specified the sentence and required a waiver of appellate rights that specifically extended to any right to appeal such sentence. (*Id.* at pp. 85–86.)

Here, not only did appellant waive his appeal rights in the written waiver, the court specifically clarified with appellant that he was giving up his right to appeal any actions in terms of sentencing "in the future." Appellant agreed that would be the case; the record of the change of plea hearing indicates a knowing and intelligent waiver of the right to appeal future sentencing error. We note that appellant has an extensive criminal history including seven felony convictions and one misdemeanor conviction. He has been granted probation six times and violated his probation approximately six times. At least twice, his probation was revoked and he was sentenced to serve a prison term. In addition to those prison terms he has served two prison terms for different offenses; and has numerous violations of parole. In other words, appellant is not a stranger to the criminal justice system, which indicates to this court that appellant is well versed in the rights that he has in this system and understands that any violation of probation could result in imposition of a prison term.

8

Furthermore, it is important to note that appellant is not arguing that he did not violate his probation. Rather, he is challenging the reasons given for not reinstating him on probation and ordering execution of the previously imposed but suspended prison term. That being said, "[a] party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751 (*Gonzalez*), citing *People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*).) The *Scott* rule of forfeiture applies to cases, such as the present one, where it is asserted that the trial court's stated reasons for its discretionary sentencing choice allegedly do not apply to the particular case. (*Gonzalez, supra*, 31 Cal.4th at p. 751.)[5]

The rationale for the rule is elementary: "[C]ounsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the sentencing hearing[, and r]outine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Scott, supra,* 9 Cal.4th at p. 353.) As long as there is a *meaningful opportunity* for counsel to object to purported deficiencies in the trial court's

---

5       Quite correctly, appellant recognizes that when a defendant violates probation after imposition but suspension of execution of a prison sentence the trial court still has discretion to reinstate the defendant on probation. (*People v. Medina* (2001) 89 Cal.App.4th 318, 323.) It follows, therefore, that it is a discretionary sentencing choice. In *Scott,* our Supreme Court prospectively announced a new rule: A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. (*Scott, supra,* 9 Cal.4th at p. 353.) The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons," but the rule does not apply when the sentence is legally unauthorized. (*Id.* at p. 353.) Here, the sentence imposed was not legally unauthorized, appellant violated his probation and he does not dispute that fact.

9

statement of reasons for its sentence choices during the sentencing hearing, counsel's failure to do so forfeits any appellate claim of error.[6] (*Id.* at p. 356.)

There is no indication that defense counsel was precluded from objecting to the court's reason for refusing to reinstate probation immediately after the court stated that reason. The court did not immediately declare a recess after committing appellant to state prison.[7] Rather, the court went on discuss custody credits and restitution fines. Thus, defense counsel had ample opportunity to raise the issue of the court's stated reasons for not reinstating appellant on probation.

Even if appellant's claim that the trial court abused its discretion in refusing to reinstate him on probation were properly before us, we would reject it. A trial court's sentencing decision is reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 (*Sandoval*).) "[D]iscretion is abused whenever the court exceeds the bounds of reason, all of the circumstances being considered." (*People v. Giminez* (1975) 14 Cal.3d 68, 72.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' [Citation.]" (*Sandoval, supra,* at p. 847.)

---

[6]    As the California Supreme Court has clarified, a failure to object in the trial court, when necessary to preserve an issue on appeal, results in a *forfeiture,* not a waiver, although the terms are often used interchangeably. (*People v. Simon* (2001) 25 Cal.4th 1082, 1097, fn. 9.)

[7]    In *People v. Superior Court* (*Dorsey*) (1996) 50 Cal.App.4th 1216*,* the trial court placed the defendant on probation in the "interests of justice," even though he was presumptively ineligible. (*Id.* at pp. 1221-1222.) After asking the defendant if he accepted the terms of probation, the trial court immediately declared a recess without hearing from either party. (*Id.* at pp. 1223-1224.) Since the trial court declared an *immediate recess,* the Court of Appeal held that "the prosecutor had no opportunity, meaningful or otherwise, to object." (*Id.* at p. 1224.) Accordingly, the Court of Appeal held that the prosecution could challenge the sentence on appeal. (*Id.* at p. 1225.)

Initially, we reject any suggestion by appellant that Judge Butler's decision violated the principle of comity.[8]  It is often said as a general rule one trial judge cannot reconsider and overrule an order of another trial judge.  (*People v. Woodard* (1982) 131 Cal.App.3d 107, 111.)  Here, however, simply put, Judge Butler did not overrule or reconsider Judge Duncan's ruling.  Judge Duncan sentenced appellant to three years in state prison execution of sentence suspended.  Judge Butler found a violation of probation, terminated appellant's probation, determined that reinstatement of probation was not appropriate and ordered that appellant serve the three year prison term that Judge Duncan imposed.  As such, no violation of the principle of comity was involved.

" 'Probation is an act of clemency. . . .' "  (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.)  The court may modify, revoke, or terminate probation if the probationer has violated any term or condition of probation "if the interests of justice so require."  (§ 1203.2, subd. (b).)  In considering whether to revoke probation, the court's inquiry is directed "to the probationer's performance on probation."  (*People v. Beaudrie* (1983) 147 Cal.App.3d 686, 691.)  "Thus the focus is (1) did the probationer violate the conditions of his probation and, if so, (2) what does such an action portend for future conduct?"  (*Ibid.*)  The inquiry addresses whether a probationer can conform his or her conduct to the law.  (*Ibid.*)

The trial court is vested with broad discretion in determining whether to reinstate probation following revocation of probation.  (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1315.)  In this situation, the trial court's decision to revoke probation is reviewed for an abuse of discretion.  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443 (*Rodriguez*);

---

[8]     In *People v. Riva* (2003) 112 Cal.App.4th 981, the Court of Appeal explained, "for reasons of comity and public policy . . . trial judges should decline to reverse or modify other trial judges' rulings unless there is a highly persuasive reason for doing so—mere disagreement with the result of the order is not a persuasive reason for reversing it."  (*Id.* at p. 992.)  We assume this is what appellant is referring to when he talks about principles of comity.

*People v. Downey* (2000) 82 Cal.App.4th 899, 909–910.) "When the question on appeal is whether the trial court has abused its discretion, the showing is insufficient if it presents facts which merely afford an opportunity for a difference of opinion.  An appellate tribunal is not authorized to substitute its judgment for that of the trial judge." (*People v. Stewart* (1985) 171 Cal.App.3d 59, 65.)  In the absence of a clear showing that its decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate objectives and, accordingly, its discretionary determinations ought not to be set aside on review.  (*People v. Zaring* (1992) 8 Cal.App.4th 362, 378.)  More importantly, " 'only in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation . . . .' " (*Rodriguez, supra,* 51 Cal.3d at p. 443.)  Further, the burden of demonstrating an abuse of the trial court's discretion rests squarely on appellant.  (*People v. Vanella* (1968) 265 Cal.App.2d 463, 469.)

Here, appellant negotiated a plea agreement whereby the trial court imposed but suspended a three-year prison term in exchange for three years of formal probation.  As part of appellant's plea, he agreed that if he "violate[d] any term or condition of [his] probation, [he could] be sent to state prison."  It should be evident to appellant, as it is to this court, that under the terms of the plea agreement negotiated by appellant, *any* violation of probation could result in the immediate execution of the imposed but execution suspended prison term.  Having received the benefit of his bargain—probation, appellant cannot repudiate an agreed upon component of his plea.  (See *People v. Haney* (1989) 207 Cal.App.3d 1034, 1037–1038 [a plea bargain is interpreted similar to a contract].)  In general, that should be the end of the discussion.

Appellant's description of his probation violation as "minor" adds little to his argument that the court abused its discretion in refusing to reinstate him on probation. We reiterate to appellant, " 'Probation is a form of leniency which is predicated on the notion that a defendant, by proving his ability to comply with the requirements of the law

and certain special conditions imposed upon him, may avoid the more severe sanctions justified by his criminal behavior.  Once given the opportunity for lenient treatment the choice is his as to whether he merits being continued on probation.'  [Citation.]"  (*People v. Burks* (1998) 66 Cal.App.4th 232, 237.)  Any violation of probation can be serious depending on the circumstances of the individual case.

Here, appellant had an extensive criminal history, which as noted *ante* included him violating grants of probation approximately six times before.  It is quite apparent to this court that Judge Butler's comments indicate that she was aware that this was not appellant's first probation violation and questioned whether the original plea bargain was in appellant's best interests given his past behavior on probation.  That does not mean that Judge Butler was motivated to refuse to reinstate him on probation because she disagreed with this disposition as appellant asserts.  Faced with another probation violation, the trial court's decision to revoke probation in this case was not arbitrary or irrational.

Placing a defendant on probation constitutes "an act of clemency and grace." (*Rodriguez, supra,* 51 Cal.3d at p. 445.)  Logically, it follows therefore that reinstituting probation, following violation of the terms of that probation, is also an act of clemency and grace.  Here, appellant's track record shows his inability to comply with the law and constitutes ample grounds for revocation of probation and commitment to state prison. This is not the extreme case where we would interfere with the discretion of the trial court.

*Disposition*

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.

14