Filed 12/17/15  Ratner v. Wilson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AARON T. RATNER, | |
| Plaintiff and Appellant, | G051264 |
| v. | (Super. Ct. No. 30-2011-00455729) |
| PETER WILSON, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Timothy J. Stafford, Judge.  Reversed and remanded.

Law Offices Robert G. Loewy, P.C. and Robert G. Loewy for Plaintiff and Appellant.

No appearance by Defendant and Respondent.

Aaron Ratner appeals from a postjudgment order denying him contractually authorized attorney fees. Ratner's contract dispute with Peter Wilson, Jeffrey Flegel, and Wilson's company WK Holdings was resolved by a settlement agreement. When Wilson violated the terms of the agreement, Ratner filed a motion for entry of judgment pursuant to Code of Civil Procedure section 664.6,[1] authorizing courts to enter judgments consistent with parties' settlement agreement. Temporary Judge Michael Balmages granted the motion and ruled Wilson must pay Ratner $350,000 in damages, costs, and attorney fees. The judgment did not designate an amount for costs and attorney fees, and Ratner was ordered to file a cost bill and motion for attorney fees.

A different trial judge, Judge Timothy J. Stafford, considered and denied Ratner's motion for attorney fees. In this appeal, Ratner maintains Judge Stafford denied the motion for improper reasons, arguing Judge Stafford improperly reconsidered the validity of the settlement agreement and decided Judge Balmages wrongly decided the issue. We conclude Judge Stafford lacked jurisdiction to reconsider Judge Balmages's ruling. Judge Stafford's authority was limited to reviewing the scope of the attorney fee provision contained in the settlement agreement and to calculate the reasonable amount of fees, if any, to be awarded. We reverse the order denying Ratner's attorney fee motion and remand for a new hearing on the matter.

I

In 2011, Ratner filed a lawsuit against Flegel, Wilson, and WK Holdings after a business venture, in which Ratner helped secure financing for a clothing company, went sour. The first amended complaint prayed for declaratory relief, breach of fiduciary duty, breach of implied and oral joint venture agreement, breach of implied contract, misappropriation of confidential information, fraud, intentional interference with prospective economic advantage, and quantum meruit.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

2

Before trial, the parties reached a settlement. All the parties agreed to and signed a "Term Sheet" outlining the general terms of the settlement in contemplation of drafting a long form settlement agreement. The parties agreed to the following: (1) Ratner would receive four $100,000 installment payments; (2) Wilson would transfer stock to Ratner pursuant to a separate stock agreement; and (3) Ratner could sell the stocks back to Wilson for a pre-set price, totaling about $350,000 (termed the "Put Option").

These three terms were included in the full-length settlement agreement (Settlement Agreement). It also contained an attorney fee provision in paragraph 13, which was not included in the Term Sheet.

Paragraph 13 provides in pertinent part, "If any action is brought to enforce the terms of this [Settlement Agreement] against any party, the prevailing party shall be entitled to recover his or its reasonable attorney[] fees, costs[,] and expenses, in addition to any other relief to which the prevailing party may be entitled."

Flegel refused to sign the Settlement Agreement, claiming it involved only Ratner and Wilson. Ratner, Wilson, and WK Holdings, LLP (with Wilson as signatory) signed the Settlement Agreement.

Flegel, Wilson, and WK Holdings made all four $100,000 payments and Wilson transferred the stock to Ratner. Shortly thereafter, Ratner chose to exercise his Put Option to sell the stocks back to Wilson for $350,000. Ratner transferred the stock back to Wilson, but Wilson never paid Ratner.

In response, Ratner filed a motion to enter judgment under section 664.6. Judge Balmages granted the motion and ruled Wilson must pay Ratner $350,000 in damages. He ordered Ratner to submit a cost bill and motion for attorney fees. Judge Balmages dismissed Flegel and WK Holdings from the case. The court entered judgment using Judicial Council form JUD-100. Judge Balmages checked the boxes for damages,

3

costs, and attorney fees, leaving the amount blank on the latter two items because he anticipated a second hearing to consider the cost bill and attorney fee motion.

Ratner then filed a section 1033.5, subdivision (a)(10)(A), motion (here after 1033.5 motion) for attorney fees as the prevailing party and as permitted by paragraph 13 of the Settlement Agreement. This motion was considered by a different trial judge, Judge Stafford. After hearing oral argument, Judge Stafford took the matter under submission. Ratner filed supplemental points and authorities addressing Judge Stafford's reservation regarding Flegel's failure to sign the Settlement Agreement and its effect on the enforceability of the Settlement Agreement.

Judge Stafford denied Ratner's motion for attorney's fees, reasoning, "The Term Sheet, which is enforceable under [section] 664.6, does not contain an attorney[] fee[] provision. And, while . . . Wilson signed the formal Settlement Agreement, it is not enforceable under [section] 664.6 as it was not signed by all parties to it."

II

Section 664.6 gives the trial court authority to enter judgment upon agreements "in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof[.]" Judge Balmages granted Ratner's section 664.6 motion and entered a judgment in his favor. The minute order stated, in pertinent part, "Judgment granted in the sum of $350,000. [Ratner] to submit a cost bill and [m]otion for attorney[] fees." The judgment awarded damages, costs, and attorney fees, leaving blank spaces for the latter two items. No party appealed the judgment in favor of Ratner.

Because the judgment awarded costs and attorney fees, Ratner properly filed a 1033.5 motion, which permits a prevailing party to collect contractually authorized attorney fees. When the matter came before Judge Stafford, he certainly had jurisdiction to consider the attorney fee motion.

4

Attorney fee awards are generally reviewed for abuse of discretion. However, Ratner's contention is that the trial court lacked the authority as a matter of law to deny attorney fees based on its reconsideration of a prior final judgment. Our review of this question is de novo. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.)

When no statute or law otherwise entitles a prevailing party to recover attorney fees, the party seeking fees must show a contractual right to recover such fees. (See §§ 1021, 1033.5, subd. (a)(10); *EnPalm, LLC v. Teitler* (2008) 162 Cal.App.4th 770, 774.) Judge Balmages determined the Settlement Agreement was enforceable when it granted the section 664.6 motion in Ratner's favor. The Settlement Agreement contained an express provision authorizing attorney fees. For this reason, we can infer the judgment was not based on enforcement of the Term Sheet because it did not authorize attorney fees. The judgment plainly awarded damages, costs, and attorney fees authorized by the Settlement Agreement.

The parties do not dispute paragraph 13 of the Settlement Agreement mandated attorney fees for the party prevailing on a section 664.6 motion. Thus, as a matter of law, Judge Stafford had jurisdiction to consider and award attorney fees under the terms of the Settlement Agreement. Based on Judge Balmages's judgment, the only issue to be decided by Judge Stafford was what amount would be a reasonable award.

However, Judge Stafford denied attorney fees not because the amount claimed was unreasonable, but because he determined fees were not recoverable under the Term Sheet. In deciding the attorney fee motion, Judge Stafford essentially reconsidered the merits of the section 664.6 motion and disagreed with Judge Balmages's determination the Settlement Agreement was enforceable. However, Judge Stafford lacked jurisdiction to do so. One trial judge cannot reconsider and overrule the ruling of another trial judge. (*In re Marriage of Oliverez* (2015) 238 Cal.App.4th 1242, 1248 (*Olivarez*).) "This principle is founded on the inherent difference between a judge and a

5

court and is designed to ensure the orderly administration of justice. 'If the rule were otherwise, it would be only a matter of days until we would have a rule of man rather than a rule of law. To affirm the action taken in this case would lead directly to forum shopping, since if one judge should deny relief, defendants would try another and another judge until finally they found one who would grant what they were seeking. Such a procedure would instantly breed lack of confidence in the integrity of the courts.' [Citation.]" (*In re Alberto* (2002) 102 Cal.App.4th 421, 427, 428 (*Alberto*) ["This rule has been applied in a myriad of settings in both criminal and civil cases"].)

"For one superior court judge, no matter how well intended, even if correct as a matter of law, to nullify a duly made, erroneous ruling of another superior court judge places the second judge in the role of a one-judge appellate court." (*Alberto, supra,* 102 Cal.App.4th at p. 427.) "The Superior Court [of Orange County], though comprised of a number of judges, is a single court and one member of that court cannot sit in review on the actions of another member of that same court." (*People v. Woodard* (1982) 131 Cal.App.3d 107, 111; *Ford v. Superior Court* (1986) 188 Cal.App.3d 737, 741-742 [one judge lacked power to enjoin enforcement of a judgment rendered by another judge].)

There are some exceptions to this rule, but none are applicable to this case. The first exception pertains to motions for reconsideration where the first judge is unavailable to re-hear the motion and a different judge must hear it. (*Oliverez, supra,* 238 Cal.App.4th at p. 1248.) This exception does apply because Ratner did not file a motion for reconsideration of the section 664.6 motion, but rather sought attorney fees as the prevailing party of that motion. The second exception applies where the underlying facts have changed or the judge is asked to consider further evidence or law. (*Id.* at p. 1248.) Here, Ratner's attorney fee motion did not ask Judge Stafford to consider new facts, law, or evidence. Judge Stafford denied Ratner's motion because he determined it was significant that Flegel did not sign the Settlement Agreement. Flegel's failure to

6

execute the Settlement Agreement and this fact's relevance to the enforceability of the Settlement Agreement was previously decided by Judge Balmages. The evidence had not changed since judgment was entered. Finally, the first ruling may be overturned if there is evidence of inadvertence, fraud, or mistake. (*Id.* at pp. 1248-1249.) There is no such evidence in this case.

Since none of the above exceptions apply, Judge Stafford's "[m]ere disagreement . . . with the prior trial judge's ruling . . . is not enough to overturn that ruling." (*Oliverez, supra,* 328 Cal.App.4th at p. 1249.) Therefore, Judge Stafford's denial of the attorney fee motion is reversed and the matter remanded for consideration of Ratner's motion.[2]

### III

The trial court's order denying attorney fees is reversed and remanded with instructions to hold a hearing and consider what fees should be reasonably awarded for enforcing the Settlement Agreement. Ratner shall recover his costs and attorney fees on appeal.

O'LEARY, P. J.

WE CONCUR:

RYLAARSDAM, J.

MOORE, J.

---

[2]  In the alternative, Ratner argues Judge Stafford erred in denying his motion for attorney fees because he did not properly analyze or apply California contract law. Pursuant to the above discussion, we need not address this argument.

7