Filed 1/12/15  P. v. Antolin CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESSE LIN ANTOLIN,<br><br>        Defendant and Appellant. | A138465<br><br>(San Mateo County<br>Super. Ct. No. SC073522A) |

Following a jury trial, defendant was convicted of possession of methamphetamine for sale.  Defendant contends the trial court abused its discretion in denying a continuance to allow him to retain private counsel and refusing to approve a plea bargain.  We affirm.

PROCEDURAL BACKGROUND

In May 2011, the San Mateo County District Attorney filed an information charging defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378) with five prior convictions for the same offense (Pen. Code, § 1203.07, subd. (a)(11);[1] Health & Saf. Code, § 11370.2, subd. (c)).  The information also alleged five prior prison-term commitments (§ 667.5, subd. (b)).

A jury found defendant guilty as charged, and the trial court made findings regarding the alleged priors.  The court sentenced defendant to jail for 11 years.  This appeal followed.

---

[1] All further undesignated statutory references are to the Penal Code.

1

FACTUAL BACKGROUND

In January 2011, police performed a probation search of a motel room rented by defendant and occupied by defendant and his girlfriend. The room contained a "large number" of sealed nitrous oxide canisters, a freezer bag containing 27.31 grams of methamphetamine, another bag containing 1.63 grams of methamphetamine,[2] a large quantity of money, and a bag containing numerous DMV title papers for vehicles and over a hundred keys. The jury was informed by stipulation that defendant had previously been convicted three times of possession of methamphetamine for sale.

A witness for the defense testified that he worked with defendant recycling cars purchased at auction and that it is a cash business. Defendant's girlfriend testified she and defendant consumed methamphetamine in the motel room and she was not aware of any drug sales by defendant.

DISCUSSION

I. *The Trial Court Did Not Abuse Its Discretion In Denying a Continuance*

Defendant contends the trial court abused its discretion in denying his request for a continuance of trial so he could retain counsel. We reject the claim.

A. *Background*

In May 2012, defendant was declared incompetent to stand trial and committed to Napa State Hospital. On August 1, he was found competent to stand trial. Trial was set for October 22. On October 22, defendant requested a continuance to enable him to retain private counsel. He asserted, "I had just got an okay with family and friends that they were going to support me in this endeavor. And I spoke with two, Mr. Kass and also Eric Saffire, and one of the two will be hired if the Court's permitting." He also asserted, "I'm not requesting time to get a new attorney. I am requesting that I get a new attorney and that I can pay him tomorrow. I don't need time to hire the attorney. I just need the okay to hire the attorney." The prosecution objected and stated, "we are ready to

---

[2] The smaller bag of methamphetamine was discovered later by the hotel staff.

proceed." The criminal presiding judge denied defendant's motion, stating "It is untimely. The District Attorney subpoenaed witnesses and are ready to proceed."

Later on October 22, 2012, defendant's case was assigned for trial. On October 23, defendant failed to appear and a bench warrant was issued. On October 24, defendant appeared and trial was continued to October 29. On October 29, the case was trailed to October 31. On October 31, a defense motion to continue was granted and trial was continued to November 5. On November 5, trial was confirmed and set for November 6, and trial commenced that day.

B.    *Analysis*

"The right to the effective assistance of counsel 'encompasses the right to retain counsel of one's own choosing. [Citations.]' [Citation.] Underlying this right is the premise that 'chosen representation is the preferred representation. Defendant's confidence in his lawyer is vital to his defense. His right to decide for himself who best can conduct the case must be respected wherever feasible.' " (*People v. Courts* (1985) 37 Cal.3d 784, 789 (*Courts*).) "In view of the importance of these rights and the severe consequences which flow from their violation, the trial courts are required to 'make all reasonable efforts to ensure that a defendant financially able to retain an attorney of his own choosing can be represented by that attorney.' [Citation.] To this end, 'the state should keep to a necessary minimum its interference with the individual's desire to defend himself in whatever manner he deems best, using any legitimate means within his resources.' " (*Id.* at p. 790.)

"Generally, the granting of a continuance is within the discretion of the trial court. [Citations.] A continuance may be denied if the accused is 'unjustifiably dilatory' in obtaining counsel, or 'if he arbitrarily chooses to substitute counsel at the time of trial.' [Citation.]" (*Courts*, *supra*, 37 Cal.3d at pp. 790–791.) "However, 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.' [Citation.] For this reason, trial courts should accommodate such requests–when they are linked to an assertion of the right to retained counsel–'to the fullest extent consistent with effective judicial administration.' " (*Id.* at

3

p. 791.) "In deciding whether the denial of a continuance was so arbitrary as to violate due process, the reviewing court looks to the circumstances of each case, ' "particularly in the reasons presented to the trial judge at the time the request [was] denied." ' " (*Ibid.*)

In *Courts*, the California Supreme Court held the trial court's failure to grant the requested continuance constituted error where the defendant made diligent efforts "(1) to secure counsel of his own choosing before the date of trial, and (2) to apprise the court of his wishes at the earliest possible time." (*Courts*, *supra*, 37 Cal.3d at pp. 795–796.) Significant in *Courts* were the following facts: After two months of effort, the defendant had completed his financial arrangements and retained private counsel five days before trial was to start; the defendant unsuccessfully moved for a continuance eight days before trial; and the defendant attempted to calendar a renewed motion four days before trial, but the renewed motion was not actually heard until the trial date, when the motion was again denied. (*Id.* at pp. 787–789.) The Supreme Court emphasized, "a lawyer-client relationship had been established" five days before trial if not earlier; thus, "the court was not confronted with the 'uncertainties and contingencies' of an accused who simply wanted a continuance to obtain private counsel." (*Id.* at p. 791.)

*Courts* also emphasized the absence of "circumstances which warranted the limitation of appellant's right to counsel based on considerations of judicial efficiency." (*Courts*, *supra*, 37 Cal.3d at p. 794.) The court explained, "The record fails to show that a continuance would have significantly inconvenienced the court or the parties. [Citation.] There was no evidence that the Shasta County Superior Courts were particularly congested during this period. If anything, the availability of two judges to try the case . . . suggests the contrary. No mention of inconvenience to jurors . . . was ever made. . . . [¶]In addition, the prosecutor failed to express any valid concern about an inconvenience to witnesses which might have resulted if a continuance had been granted." (*Id.* at pp. 794–795.)

In the present case, the trial court's decision is supported by the absence of a showing of diligence comparable to that in *Courts*. First, although defendant had been declared competent two months earlier, he only sought a continuance on the day

4

scheduled for trial.  (*Courts*, *supra*, 37 Cal.3d at p. 792, fn. 4 [the defendant's "continuance request should be contrasted with the eve-of-trial, day-of-trial, and second-day-of-trial requests"].)  *Courts* noted that courts considering last minute requests for continuances had "found the lateness of the continuance request to be a significant factor which justified a denial where there were no compelling circumstances to the contrary." (*Ibid.*; see also *People v. Jeffers* (1987) 188 Cal.App.3d 840, 850 [the defendant "did not present the trial court with compelling circumstances supporting his late request for continuance" made on the day of trial].)  Second, although defendant identified two potential counsel and asserted one could be retained the next day, counsel was not present and had not actually been retained, so it was uncertain how quickly the case could proceed with new counsel.  (*Courts,* at p. 791, fn. 3 ["These facts are to be sharply contrasted with cases which have upheld the denial of a continuance on the ground that participation by a particular private attorney was still quite speculative at the time the motion for continuance was made."].)  Third, defendant failed to present a declaration demonstrating his diligence and attesting to the facts supporting his request for a continuance.  (*Id.* at p. 788 [the defendant filed a "declaration summarizing the steps taken to secure retained counsel"]; see § 1050, subd. (b) ["To continue any hearing in a criminal proceeding, including the trial, (1) a written notice shall be filed and served on all parties to the proceeding at least two court days before the hearing sought to be continued, together with affidavits or declarations detailing specific facts showing that a continuance is necessary"].)

We recognize that the trial court failed to identify particular circumstances showing a continuance would have "significantly inconvenienced the court or the parties."  (*Courts*, *supra*, 37 Cal.3d at p. 794.)  Neither the court nor the prosecutor referred to court congestion, substantial inconvenience to witnesses or jurors, or any other particular circumstances supporting denial of the continuance.  The court simply referenced the prosecution's readiness and witness subpoenas.  Nevertheless, because " 'a trial court should be presumed to have acted to achieve legitimate objectives' " (*Ajaxo Inc. v. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 45), we presume the trial court's

denial of a continuance was motivated by "considerations of judicial efficiency." (*Courts*, at p. 794.) The Legislature provided in adopting section 1050, subdivision (a), "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time. To this end, the Legislature finds that the criminal courts are becoming increasingly congested with resulting adverse consequences to the welfare of the people and the defendant. Excessive continuances contribute substantially to this congestion and cause substantial hardship to victims and other witnesses. . . ." We presume considerations of these sorts were the basis for denial of defendant's untimely request for a continuance.[3]

In light of the extreme untimeliness of defendant's request for a continuance, defendant's failure to make any showing of diligence, and the lack of a showing that counsel was actually available, we cannot say that denial of a continuance was "so arbitrary as to violate due process." (*Courts*, *supra*, 37 Cal.3d at p. 791.) The trial court did not abuse its discretion.

II.     *The Trial Court Did Not Abuse Its Discretion In Refusing to Approve The Plea Bargain*

Defendant contends the trial court abused its discretion in refusing to approve his plea pursuant to a plea bargain. We reject the claim.

A.     *Background*

On August 21, 2012, the prosecutor offered to defendant that he could plead guilty to the charged offense and admit certain special allegations for an "indicated sentence of nine years, three of which would be serving [defendant's] 1170(h) sentence, six on supervised community release." The prosecutor said the offer would expire on September 14.

---

[3] Defendant points out that the trial court subsequently granted other continuances that delayed trial for two weeks. However, those continuances—due to defendant's failure to appear and a defense motion for a continuance—do not show that no concerns of judicial efficiency justified the October 22 denial of a continuance.

On November 6, 2012, defendant sought to plead pursuant to the prosecutor's August 21 offer. Defense counsel explained that defendant had only just understood that, under the prosecutor's offer, he would be serving his time in jail rather than prison. The prosecutor appeared willing to continue to extend her last offer to defendant; she indicated that a recent United States Supreme Court opinion could be read to suggest that defendant had a right to accept a plea bargain if it had been miscommunicated to him.[4]

The trial court rejected defendant's assertion that he misunderstood the offer, pointing out that defense counsel is "an extremely thorough, thoughtful attorney" who must have explained the offer to defendant. In fact, defense counsel confirmed he told defendant the sentence would be served in jail, but defendant nonetheless misunderstood. The trial court stated that defendant could plead to the charges without the benefit of a plea bargain, but it was too late to plead pursuant to the expired plea offer. The record reflects that prospective jurors were waiting while the discussion about a plea occurred.

B.      *Analysis*

On appeal, the People argue the trial court properly rejected defendant's factual claim that he did not understand the terms of the prosecution's plea offer. While not accepting the trial court's credibility determination, defendant does not argue we should reject it. Instead, defendant contends it was an abuse of discretion for the trial court to refuse to approve the plea bargain on the ground it was untimely. We disagree.

"Judicial approval is an essential condition precedent to any plea bargain worked out by the defense and the prosecution." (*People v. Cardoza* (1984) 161 Cal.App.3d 40, 45; see also § 1192.5.) "Although it is within the discretion of the court to approve or reject the proffered offer, the court may not arbitrarily refuse to consider the offer." (*People v. Smith* (1971) 22 Cal.App.3d 25, 30; accord *People v. Cobb* (1983) 139 Cal.App.3d 578, 584 (*Cobb*).)

---

[4] The case citation is not in the transcript, and the parties have not cited any such decision on appeal. It appears the reference may be to *Missouri v. Frye* (2012) 132 S.Ct. 1399, 1410, decided in March 2012, in which defense counsel was found ineffective for failing to communicate the prosecutor's written plea offer to the defendant.

The *Cobb* decision is instructive. *Cobb* considered whether a trial court could reject as untimely a negotiated disposition presented for approval after a readiness conference. In *Cobb*, a local court rule provided that any plea after the readiness conference would have to be " 'straight up to the charges as alleged without any conditions.' " (*Cobb*, *supra*, 139 Cal.App.3d at p. 581.) Nevertheless, after the readiness conference the defendant and prosecutor entered into a plea bargain and attempted to obtain court approval of the negotiated disposition. The presiding judge rejected the plea bargain as untimely. (*Id.* at p. 582.) On appeal, the defendant asserted the trial court was obligated to consider the plea bargain on the merits, but *Cobb* concluded the trial court did not abuse its discretion in enforcing the local rule. (*Id.* at p. 586.) *Cobb* explained that the deadline for pleas was "a means of reducing the confusion, hardship and inconvenience inherent in calling calendars. . . . When pleas are taken [on the first day of trial], the practice may well have a domino effect on other cases. It may leave courtrooms vacant if the calendar judge has failed to overschedule trials. Excusing unused jurors or, when expected pleas do not materialize, announcing there are insufficient judges or courtrooms for the balance of the calendar, is an unpleasant judicial task." (*Id.* at p. 581.)

The same reasoning applies in the present case. Although there appears to be no local rule requiring pleas on plea bargains by a certain point in the process, defendant had been informed the plea offer was only available until September 14, 2012, and had no reasonable expectation of being able to plead to the offer after that date. In any event, defendant and his counsel were necessarily aware that attempting to plead on the day of trial would interfere with orderly trial scheduling. Among other things, rule 4.112 of the California Rules of Court informed defendant that his counsel was required to appear *at the readiness conference* "prepared to discuss the case and determine whether the case can be disposed of without trial." The trial court did not abuse its discretion in refusing to accept the untimely plea bargain.

DISPOSITION

The trial court's judgment is affirmed.

8

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.